THOMAS C. STEVENS v. H. M. THOMPSON, et al.

*Error from Leavenworth County.*

1. PLEADINGS: DEFAULT.—A defendant who has answered a petition is not in default because an amended petition is filed making a new party plaintiff, to which no new answer is filed.

2. AMENDMENT OF PETITION: SUMMONS.—The issue of a summons on the amended petition, and the service thereof, does not change the case: the defendant is already in court, and the new summons has no function to perform.

3. TRIAL: INTRODUCTION OF EVIDENCE.—When the petition states facts constituting the plaintiff's claim, a general denial does not present an issue authorizing the defendant to make proof of payment.*

The record in this case, somewhat voluminous, raises several points not determined by the court. All the facts necessary for an understanding of the points that the court found necessary to determine in the disposal of the case are stated in the opinion of the court, following.

*Pendery & Brewer*, for plaintiff in error.

*Clough & Wheat*, for defendant in error.

*Pendery & Brewer* submitted:

1. Adding the name of a party as plaintiff is not such an amendment as requires the filing of a new answer. 6 *Pr. R.*, 321; 1 *Handy*, 236; 6 *Paige*, 46; 9 *Ind.*, 273 [*Hubler v. Pullen.*].

2. The title of a cause shall not be changed in any of its stages. § 117, *Civil Code*, 652.

---

*1. TRIAL: WHERE PROOF IS REQUIRED.—The allegations of a petition, not controverted by the answer, are taken as true and need not be proven.

2. ID.—Where the allegations of a petition are controverted in the answer, it is incumbent on the plaintiff to make out his case by evidence.

3. ID: CHARGE TO JURY.—Where the action is for the price of goods sold, and the answer is a general denial: Held, error for the court to charge the jury that the only question for them to consider was the value of the goods when delivered. Marley v. Smith, 4 Kas., 185, reviewed.

·    3.    The code does not recognize such a thing as a new petition.   When· a party desires to file a new petition, he must dismiss his former suit, and commence a suit *de novo.*   *Civil Code,* §§ 136, 137, 144.

4.    When  leave  is  given  by  the  court  to  file  an amended petition, a rulé to plead must be entered before a defendant can  be  placed  in  default.   1  *Tidd's Pr.,* 4*th Ed., side p.,*  469,  473,  476 ;  *Barstow v.  Randall, et  al.,* 5 *Hill,* 556 ;  2 *Sandf.,* 652;  8  *Paige,* 589.

5.    If  Stevens'  answer  to  original  petition  stood  as the answer to the new, the court erred in treating him as in default and ruling out the testimony offered.

It is error to grant  leave  to  file an amended petition ·without previous notice of  the application for such  leave or subsequent notice of the  filing.   *See* §§ 136, 137, 144, *Civil  Code..*

6.    A summons is no notice of the filing of an amended petition.    Where a defendant has once been brought into court the functions of  a  summons have  ceased, and  it never can be used for any other  purpose  in the progress of  the suit.    § 57, *Civil Code, Comp. L.,* 640.

7.    Even if Stevens was in  default, the showing he made was such that the  default  ought  to  have  been set aside.                          ·

*Clough  &  Wheat,* for  defendants in  error, on the points determined by the  court, submitted :

1.    Stevens was in default, not having  answered the amended or new petition filed in open court, more than a year before the  trial, in  pursuancé of leave given.    Stevens had notice of the filing  of the new petition.    He is presumed,to have had  notice of  every proceeding in the case, and summons was ágain served on him.   *See* 1 *Handy,* 95 ;  12 *Abb. ·Pr.,* 105.

2.    Hence there was no issue to be tried [*Civil Code*, '59, § 137; *Code*, '68, § 128.] As the petition stated the facts out of which the suit arose [*Meagher v. Morgan*, 3 *Kas.*, 373,] we claim that even if the answer (general denial) of Stevens, filed to the first petition, had been considered and treated as an answer to the last petition, evidence of payment, or of amount of balance due would not have been admissible or material, but that if Stevens had intended or desired to prove any such supposed fact as payment, he ought to have plead it. 16 *N. Y.*, 297; 13 *Ind.*, 64.

We do not suppose this court meant to overrule the above cited case of Meagher v. Morgan, in the point as applicable to this case, that the petition stated the facts constituting the cause of action, by its decision in Marley v. Smith [4 *Kas.*, 187,] and we have therefore as above, cited the case in 16 New York, 297, which we understand this court to admit in the case of Marley v. Smith to have been correctly decided, but still as such answer was not applicable to the last petition, this last mentioned matter is probably immaterial to this case.

3.    As Stevens had not answered the petition on which the trial was had, he was in default, and the allegations of the petition were to be considered as true against him, and no proof or finding was necessary, except as to value of the goods. *See* § 137, *Civil Code*, '59.

*By the Court*, KINGMAN, C. J.

On the 18th of November, 1867, H. M. Thompson & Co. filed their petition, to recover the price of goods alleged to have been sold, in the district court of Leavenworth county against the firm of Schley & Bro., the members of which company were alleged to be William

F. Schley, Henry Schley and Thomas C. Stevens. The members of the firm of H. M. Thompson & Co. were stated to be Henry M. Thompson, and Luther McConnell. To this petition Stevens, the plaintiff in error, answered by setting up a general denial, and Schley & Bro. answered for themselves by a similar defense. On the 18th of January following the plaintiffs had leave to amend their petition by making John Schmall a party plaintiff. This amendment was afterwards made by rewriting the petition, with the addition of making Schmall a member of the firm of H. M. Thompson & Co., and one of the plaintiffs; on this petition, so amended, process was issued and served on the several defendants. To this petition, so amended, Schley & Bro. answered, setting up as grounds of defense: First, a general denial; second, payments; third, a special denial that Stevens was one of the firm of Schley & Bro. To this answer a reply was filed. No new answer was filed by the plaintiff in error, Stevens. On the trial of the cause after the plaintiff's evidence was in, they claimed that there was a default on the part of Stevens, and the court so held. The plaintiff then dismissed the action as to the two Schleys and the trial proceeded as an inquiry as to the assessment of damages against Stevens. The instructions of the court were based upon the previous decision that Stevens was in default; the jury being told that the only question for them to determine was the value of the goods at the time they were delivered. A verdict was returned against Stevens for the amount claimed. A motion for a new trial was made on which various affidavits were read, and on which several questions were raised and argued in this court. These questions we shall not consider, as the conclusions we have reached render it unnecessary to pass upon them. For the same reason we do not feel called

upon to determine whether the decision of the court as to
there being a default on the part of Stevens was made
and excepted to as the law requires; nor whether certain
rulings as to the admissibility of evidence were correct,
as they may not and probably will not arise upon another
trial.   The main question raised especially upon the in-
struction if not elsewhere, is whether Stevens was in de-
fault.   The reissue and service of the summons can have
no bearing on this question, for the summons had already
performed its functions of bringing the parties before the
court and it can serve no other purpose.

PLEADINGS:      The petition was not a new one; it was an
Amendment of
Petition.      amended petition differing from the original
only in this that Schmall was alleged to be one of the
members of the firm of H. M. Thompson & Co., and was
made a party plaintiff.  Is this such an amendment as
requires a new answer?

ANSWERING SAME    In the old chancery practice the rule was that
In Chancery.    when a complainant amends his bill after an-
swer, it was the right of the defendant to put in a new or
a further answer to the amended bill, except where th e
amendment was a mere matter of form which could not
vary the rights of the defendant.   But in the answer to
the amended bill it was not allowable to repeat the allega-
tions of the former answer unless the grounds of the suit
and the defense to the same were waived in substance.
[See *Bowen and others v. Idley*, 6 *Paige's, Ch. R.*, 48.]  But
while this was the right of the defendant he was at liberty,
unless specially required, to answer to some new charge
in the bill, to let his first answer remain as putting in
issue all the matters properly raised by it.   At common
law it seems a similar practice prevailed. [ *Tidd's Pr.*, 708
*and note E, and* 6 *Taunton*, 673.]  Therein it was held that
an amendment does not necessarily entitle the defendant

to plead *de novo*, but only where the amendment alters the state of the defendant's cause.

Now the code of civil procedure is much more liberal in permitting amendments, and making the precision and technicalities of the rules of pleading yield to the great object of assisting the parties in obtaining justice, than was the common law. It permits amendments to be made to the pleadings during the trial; and even after trial and judgment the court may amend by adding or striking out the name of a party, [§ 139,] to make the pleadings conform to the proof; in this case the amendment was, adding the name of a party only. The answer of plaintiff in error, when it was filed, put in issue every fact in the plaintiff's pleadings, original and amended, save perhaps the simple one that Schmall was a member of the firm of H. M. Thompson & Co., and a necessary party, in interest, in the action.

How, then, can he be said to be in default? He had appeared in the action; had filed an answer, controverting such of the statements of the plaintiff's petition as he deemed essential. The restatement of the facts, in the amended petition, did not change the grounds of the action.

Whatever of the original petition or the amendment is not controverted, must be taken as true, and need not be proven. But all the statements, in both of the petitions, save one, were denied, and so the case stood upon the record when the cause was tried. As we understand the code, this made it incumbent on the plaintiff to make out their case by evidence. The jury were instructed that the only question for them to consider, was the value of the goods when delivered. This was the law of the case, if the plaintiff in error was in default; but as we have seen that such was not the condition of the case,

the instruction was erroneous, and for this reason the judgment must be reversed. As the case goes back for such trial as this opinion requires, we may as well settle a question presented in the record, and argued in the case, and which may arise in another trial. We do not think that payment can be proven under the issue as presented. The case is wholly unlike that of Marley v. Smith, [4 *Kas.*, 185.] In that case the petition only alleged indebtedness generally, without stating the grounds of the indebtedness. In this case the facts constituting the plaintiff's claim are fully stated, these facts only are denied by the answer. In the case of Marley v. Smith, the plaintiff had chosen to risk his case upon a statement of a conclusion from facts; any fact that would show the conclusion untrue was legitimate and proper evidence under such a state of pleadings, but it was not intended to say, nor was it said, that the general denial would authorize the proof of payment, in any case, in which the petition set out the facts on which the plaintiff's claim rested. The judgment of the court below reversed.

All the justices concurring.