THE MISSOURI PACIFIC RAILWAY COMPANY v. ALEXANDER HOUSEMAN.

TRESPASS — *Limitation of Action.* The limitation of two years prescribed by civil code, § 18, subdiv. 3, for an action for trespass on real property, limits the damages recoverable to those caused within two years next preceding the action, though the trespass was continued for more than two years, and the action was coupled with an action of ejectment, the limitation of which is three years.

*Motion for Rehearing.*

THE opinion, filed at the session of the court in April, 1889, states the facts.

*W. A. Johnson,* and *Waggener, Martin & Orr,* for the motion.

*Jno. W. Deford,* contra.

*Per Curiam:* This case was decided in this court on January 5, 1889, (21 Pac. Rep. 284,) and in due time a motion for a rehearing was filed, which motion has now been presented to this court. Nearly every point presented by counsel in their original briefs has been again presented by counsel in their oral argument upon the motion for the rehearing. It is unnecessary, however, to again discuss any point which has already been discussed in the former opinion, for we think that such opinion correctly states the law and the facts of the

case as far as it goes. Nor do we think that it is necessary to discuss at this time any of the points made, except one with reference to the statute of limitations, which point was presented in the original briefs, but overlooked by this court when the case was formerly decided. This was an action of ejectment, and also for profits and damages. But it is not necessary now to consider the action with respect to anything but the damages claimed and the statute of limitations supposed to bar the same. The defendant, among other defenses, pleaded the two-years statute of limitations as a bar to any recovery for damages. (Civil Code, § 18, subdiv. 3.) The facts upon which this question is raised are substantially as follows: It appears from the pleadings and the evidence that the railway company constructed its railroad over the plaintiff's land in 1879 and in 1880, commencing about September 1, 1879, and completing the road about March 1, 1880; and it has continuously operated its railroad across the plaintiff's land ever since. During the construction of this railroad the company injured the plaintiff's land by making cuts and fills, digging down banks, filling up hollows, making embankments in low places, digging ditches, cutting down and carrying away timber, injuring the grass and injuring two springs and a stream, and building a bridge. The greater portion of the injury done to the plaintiff's land was done in 1879 and in 1880, but the railway company has also continuously occupied the plaintiff's land, continuously trespassed upon it, and continuously done injury to it and upon it from the time when it first entered upon the land to the present time. This case was commenced on January 16, 1886; and the defendant during the trial objected to such of the evidence as tended to show trespasses or damages committed by the defendant upon the land prior to January 16, 1884, upon the ground that all such trespasses or damages were barred by the aforesaid statute of limitations. After the evidence was all introduced the defendant asked the court to give the following among other instructions to the jury:

"7. The plaintiff is not entitled to recover any damages for

trespass on the land described in his petition committed in the years 1879 and 1880."

"10. The jury cannot award the plaintiff any damages done to the land described in his petition more than two years before the 16th of January, 1886.

"11. The plaintiff is not entitled to recover from the defendants in this action anything on account of timber that was cut down or removed from the land in question in the years 1879 and 1880.

"12. The plaintiff is not entitled to recover from the defendants in this action anything on account of the digging up of the soil or tramping down the herbage on the land described in his petition in the years of 1879 and 1880."

These instructions the court refused, and in lieu thereof gave the following, and only the following:

"2. It follows that the plaintiff is entitled to recover the possession of said $4\frac{76}{100}$ acres. He is further entitled to recover as damages: 1st, the fair market value of the use of said supposed right-of-way for the three years next preceding the 16th day of January, 1886, when the action was commenced."

"4. Nothing can be allowed for timber cut and removed unless the evidence shows it was done by the railway company, and nothing can be recovered for such timber cut by the company unless done within two years next preceding the commencement of this action."

Under the instructions given by the court and the evidence, the jury awarded the plaintiff the sum of $428.50 as damages. The instructions as given by the court were substantially correct as far as they went. A plaintiff recovering in ejectment may recover for rents and profits for three years next preceding the commencement of his action, and only for three years. (*Gatton v. Tolley*, 22 Kas. 678; *Seibert v. Baxter*, 36 id. 189; *Hill v. Meyers*, 46 Pa. St. 15.) And in such a case he may recover damages for timber wrongfully destroyed by the defendant for two years next preceding the commencement of his action, and only for two years. (*K. P. Rly. Co. v. Mihlman*, 17 Kas. 224; *Frankle v. Jackson*, 30 Fed. Rep. 398; *Silsby Mfg. Co. v. The State*, 104 N. Y. 562; same case 11 N. E. Rep. 264; *Corlick v. Swinburne*, 105 N. Y. 503; same case 12 N. E. Rep. 427.) In both cases the proper statute of limitations

applies, and bars all recovery for all rents, profits or damages for the period in excess of the particular period prescribed by the statute, although the wrong may have been a continuing and continuous wrong, and for a much greater period of time than that fixed by the statute. And all trespasses upon real estate are governed by the same rule with respect to the bar of the statutes of limitations that the wrongful destruction of timber is. "An action for trespass upon real property" can be brought only within the period of two years next after the commission of the trespass. (Civil Code, §18, subdiv. 3.) And it can make no difference that the action is coupled with the one for ejectment, or that the trespass has been continuous for more than two years.

Both the judgment of this court and the judgment of the court below will be modified as follows: The judgment of the court below rendered upon the first count of the plaintiff's petition and relating to ejectment, will be affirmed; and the judgment rendered upon the second count of the plaintiff's petition and relating to damages, will be reversed, and with respect to such damages a new trial will be granted.