ANNIE SERVICE *et al.* v. THE FARMINGTON SAVINGS BANK.

Nos. **11,701, 11,702.** (62 Pac. 670.)

1. PARTIES TO ACTIONS—*Substitution.* In an action brought to recover on a note and to foreclose a mortgage, the district court has power to substitute the real owner of the note and mortgage as plaintiff in place of the payee of the paper, in whose name the action had been brought by mistake, and who had transferred the paper before the action was brought.

2. ―――― *Effect of Amendment—Limitation of Action.* The substitution of parties did not change the claim or cause of action nor the object for which the proceeding was brought, and, as the amendment related back to the commencement of the action, the statute of limitations did not thereafter run in favor of the defendants.

3. PRACTICE, SUPREME COURT—*Immaterial Errors.* Immaterial errors furnish no grounds for the reversal of a judgment.

Error from Cowley district court; W. T. MCBRIDE, judge. Opinion filed November 10, 1900. Affirmed.

*S. A. Smith,* and *Pollock & Lafferty,* for plaintiffs in error.

*Amidon & Conly,* and *A. M. Jackson,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : On June 1, 1885, Annie Alexander and her husband, Matthew Alexander, executed and delivered to Mary R. Bryant a promissory note for $2000, payable three years after date, with interest at eight per cent. per annum, and at the same time they executed a mortgage on real estate belonging to the wife as security for the payment of the debt.   Interest was paid on the note until December, 1893, but, default being made, an action was brought on June 1, 1895, in the name of Mary R. Bryant against the Alexanders to recover on the note and to foreclose the mortgage.   The Alexanders were brought into court, and while the wife made default the husband filed a separate answer contesting his liability on the note. On March 17, 1896, judgment was taken against Annie Alexander for $2480, the amount then due on the note, and a decree of foreclosure was rendered, and the case, as to Matthew Alexander, was continued until a future day.   On the day judgment was entered against Annie Alexander she paid $200 to be applied on the debt, and the payment was indorsed on the note and credited on the judgment against her.   On April 20, 1896, judgment was rendered against Matthew Alexander for the amount due on the note, and a decree of foreclosure was taken as against him.

On April 16, 1898, the Farmington Savings Bank interposed and moved the court to substitute it as plaintiff for Mary R. Bryant, for the reason that it was the owner of the note and mortgage sued on and of the judgment that was rendered against the defendants.   The hearing of the motion was continued until January 13, 1899, when it was made to appear that Mary R. Bryant was not the owner of the note and

mortgage at the time the action was brought; that she had previously sold and transferred the same by indorsement, and that the Farmington Savings Bank was the owner of them at the time the suit was commenced. The note and mortgage had been delivered to Amidon & Conly, attorneys, of Wichita, by an attorney and collection agent, along with a number of other notes and mortgages, with instructions to collect the Alexander note and mortgage, and, if necessary, bring suit on the same for the collection of the note and the foreclosure of the mortgage. When the note was placed in the possession of Amidon & Conly, it had an indorsement of transfer signed by Mary R. Bryant, which was scratched over with pencil marks, and the attorneys who brought the suit inferred and believed that Mary R. Bryant was the owner of the note and mortgage, and, acting upon that belief, began the suit in her name. After judgment had been rendered, as has been stated, she filed a paper purporting to release and satisfy the judgment, and at the same time disclaimed all interest in it.' The Farmington Savings Bank did not know until a short time before the motion to substitute was filed that action had been brought in the name of Mary R. Bryant, but supposed that it had been properly commenced in the name of the bank as plaintiff.

On February 2, 1897, the Farmington Savings Bank began an action to cancel the release executed by Mary R. Bryant, and, upon issues joined between the parties, the release and satisfaction were set aside, and a separate proceeding in error has been brought to reverse this ruling. The court allowed the substitution of the name of the Farmington Savings Bank as plaintiff in the petition, and afterward set aside the judgment rendered in favor of Mary R. Bryant. A trial was

then had with the bank as plaintiff and the Alexanders as defendants—Annie Alexander having in the meantime been divorced from her husband and her name changed to Annie Service, and it resulted in a judgment in favor of the bank against both defendants for the amount of the debt and the foreclosure of the mortgage.

In one of the proceedings in error brought to review the rulings in this litigation, it is contended that the trial court committed error in substituting the Farmington Savings Bank as plaintiff for Mary R. Bryant, in whose name the action had been brought. Great latitude is given to the trial court in the matter of the amendment of pleadings, with a view of curing defects, supplying omissions, and preventing injustice. Our statute in terms authorizes the adding or striking out of the name of any party or correcting a mistake in the name of a party, or a mistake in any respect. (Gen. Stat. 1897, ch. 95, § 139; Gen. Stat. 1899, § 4389.) Here a mistake was made in bringing suit in the name of the payee of the note instead of the party to whom the payee had indorsed and transferred it. While it is a radical amendment to substitute one plaintiff for another, such an amendment is clearly within the power of the court, under the plain provisions of the code, and *Weaver v. Young*, 37 Kan. 70, 14 Pac. 458, is directly in point and settles the question in favor of the substitution. In that case an amendment was permitted striking out the name of one party who was the sole plaintiff and substituting another and distinct party, after it was shown' that the first name was used by mistake. This case was sufficient authority for the ruling by the district court, and the following cases tend to support the allowance of the amendment:

*1. Right of substitution.*

*Stevens v. Thompson*, 5 Kan. 305 ; *National Bank v. Tappan*, 6 id. 450 ; *City of Atchison v. Twine*, 9 id. 350 ; *Hanlin v. Baxter*, 20 id. 134 ; *Paola Town Co. v. Krutz*, 22 id. 725 ; *Comm'rs of Harvey Co. v. Munger*, 24 id. 205 ; *Reed v. Cooper, Adm'r*, 30 id. 574, 1 Pac. 822 ; *Hargrove, Sheriff, v. Woolf*, 34 id. 106, 8 Pac. 192 ; *Packing and Provision Co. v. Casing Co.*, 34 id. 346, 8 Pac. 403 ; *Farmers' Bank v. Bank of Glen Elder*, 46 id. 376, 26 Pac. 680 ; *Culp v. Steere*, 47 id. 746, 28 Pac. 987. Cases are cited from other states holding adversely to such amendments, but our statute and the cases interpreting it completely cover the present action, and a review of other cases, based on other statutes, would be without profit.

The fact that considerable time elapsed between the commencement of the action and the making of the amendment is not a good ground of complaint, as it does not appear that the defendants suffered any prejudice by reason of the mistake in the pleading or the delay in amending it. The court in such cases is vested with much discretion, and it will guard the rights of parties by permitting amendments to be made only where they will accomplish justice, and in this instance the ruling, it seems, did not operate unjustly toward the defendants.

It is further contended that the bringing of the action in the name of Mary R. Bryant did not arrest the running of the statute of limitations against the bank

2. Limitation of action. which was substituted as plaintiff, and that the lapse of time and the bar of the statute prevented a judgment in favor of the bank. The holding that the amendment was permissible practically determines the point adversely to the claim of the Alexanders. The substitution of the bank as the plaintiff did not in fact change the nature or the

identity of the action originally brought against the defendants. It will be observed that Mary R. Bryant, in whose name the action was brought, was not a stranger to the paper. She was the payee and the indorser of the note, and through her the bank acquired title to the same. The action which she brought was based on the same claim and cause of action which is the foundation of the judgment in favor of the bank. The purpose of the suit was the same after the amendment as it was before—to recover upon the note and to foreclose the mortgage given to secure its payment. The note and mortgage were in the possession of the attorneys who mistakenly supposed that the paper was owned by the payee of the note instead of the bank, to which it had been transferred, and the same attorneys continued to hold the possession of the paper and to prosecute the suit after the amendment was made. They were representatives of the owners of the paper throughout the litigation, and the change of parties which was made by reason of their mistake did not prejudice the rights of the defendants. As the amendment did not introduce a new claim or cause of action, it is not to be deemed a change of the action itself; and, under the liberal provisions of our code authorizing amendments, we think the amendment relates back to the beginning of the action, and that the statute of limitations did not run against the owner of the paper during the pendency of the proceeding. (*Thomas v. Fame Ins. Co.*, 108 Ill. 91; Busw. Lim. § 364.)

If the substituted party had introduced a new claim and cause of action by the amendment, against which the statute of limitations had then run, the defense would have been available; but the object of the action from the beginning, as we have seen, was a recovery

against the Alexanders upon the note which they had executed, and the foreclosure of the mortgage given by them as security for its payment. Aside from this consideration, Annie Alexander had made payment upon the debt up to March 17, 1896, a period less than three years before the amendment was made; but in our view the statute ceased to run June 21, 1895, when the action was first instituted, and there is no claim that a right of action on the note was barred at that time.

In the other proceeding in error complaint is made of the ruling setting aside the release of the judgment

3. Immaterial errors.
by Mary R. Bryant. It is contended that the bank had no right or standing in court to attack that judgment or to obtain a cancelation of the same. It was the owner of the paper on which the judgment was based. By mistake the suit had been instituted and the judgment obtained in her name, and her attempted release and satisfaction apparently discharged the defendants from liability upon the note and mortgage. No consideration was paid for the release and satisfaction, and the bank, being the actual owner of the note and mortgage, had some interest in setting aside the pretended release and satisfaction based upon the note and mortgage and which was obtained by mistake. The view which we have taken of the merits of this case, however, renders that judgment and the cancelation of the satisfaction of the same of little importance. The court had authority to set the judgment aside and substitute the real owner of the paper, which was finally done, and irregularities, if any, in the proceeding to cancel the satisfaction cannot be material to the parties.

In this connection there is a contention that Mary

R. Bryant was a necessary party to that proceeding, and that the judgment of cancelation without her presence was erroneous. She would have been a proper party; but as she had already filed a statement disclaiming all interest in the judgment, her presence was not absolutely necessary; but no prejudice could result from the failure to bring her into court.

All questions which are deemed to be material have been considered, and, finding no error, the judgments in both of the cases mentioned will be affirmed.