| 66 | 443 |
|----|-----|
| 67 | 426 |
| 67 | 428 |

| 66 | 443 |
|----|-----|
| f74 | 795 |

| 66 | 443 |
|----|-----|
| f77 | 94 |

| 66 | 443 |
|----|-----|
| 81 | 232 |

</div>

J.   H.   HUCKLEBRIDGE *et al.* v.   THE ATCHISON, TO-PEKA & SANTA FE RAILWAY COMPANY.

No. 13,024.   (71 Pac. 814.)

SYLLABUS BY THE COURT.

1. PLEADING—*Amendment—New Party Plaintiff.* The amendment of a petition, in an action for damages, by the addition of the name of a party plaintiff, does not change substantially the claim or defense.

2. ———— *Limitation of Action.* Such an amendment, made more than two years after the cause of action accrued, relates back to the date of the commencement of the action, and the cause of action is not, for that reason, barred by the statute of limitations.

Error from Greenwood district court; G. P. AIKMAN, judge.   Opinion filed March 7, 1903.   Reversed.

*Lew E. Clogston*, for plaintiffs in error.

*A. A. Hurd*, for defendant in error.

The opinion of the court was delivered by

POLLOCK, J. : This is an action brought to recover damages from the railway company for negligently furnishing to plaintiffs, to be used in the transportation of their cattle, infected cars, by reason of which the cattle of plaintiffs contracted splenic or Texas fever, to the damage of plaintiffs.

This is the second appearance of this case in this court. In the former review ( 62 Kan. 506, 64 Pac. 58) the judgment of 'the trial court was reversed, for the reason that the evidence showed that the cattle were the partnership property of plaintiff, Hucklebridge, and one Nichols, the present plaintiffs in the case, and not the individual cattle of Hucklebridge, in whose name alone the action was instituted. Upon such judgment of reversal, plaintiff requested and obtained leave of the judge of the district court to file an amended petition. In this amended petition, J. H. Hucklebridge and E. H. Nichols, partners doing business in the name of J. H. Hucklebridge, are named as plaintiffs. To this amended petition defendant demurred, upon the ground that it appeared on the face of the amended petition that the cause of action therein stated was barred by the statute of limitations. This demurrer was sustained, and plaintiffs bring error.

Is the cause of action barred by the statute, or did the amendment made relate back to the date of bringing the action ? The sole amendment in this case, as shown by the record, is the addition of the name of Nichols as a party plaintiff in the pending case. In the case of *Service v. Bank*, 62 Kan. 857, 62 Pac. 670, this court held :

"In an action brought to recover on a note and to

foreclose a mortgage, the district court has power to substitute the real owner of the note and mortgage as plaintiff in place of the payee of the paper, in whose name the action had been brought by mistake, and who had transferred the paper before the action was brought.

"The substitution of parties did not change the claim or cause of action nor the object for which the proceeding was brought, and, as the amendment related back to the commencement of the action, the statute of limitations did not thereafter run in favor of the defendants."

In the opinion it was said :

"As the amendment did not introduce a new claim or cause of action, it is not to be deemed a change of the action itself ; and, under the liberal provisions of our code authorizing amendments, we think the amendment relates back to the beginning of the action, and that the statute of limitations did not run against the owner of the paper during the pendency of the proceeding. (*Thomas v. Fame Ins. Co.*, 108 Ill. 91 ; Busw. Lim. § 364.)

"If the substituted party had introduced a new claim and cause of action by the amendment, against which the statute of limitations had then run, the defense would have been available ; but the object of the action from the beginning, as we have seen, was a recovery against the Alexanders upon the note which they had executed, and the foreclosure of the mortgage given by them as security for its payment."

In *Railway Co. v. Bagley*, 65 Kan. 188, 69 Pac. 189, it was said :

" In *Service v. Bank*, 62 Kan. 857, 62 Pac. 670, which was an action on a note, an amendment was permitted by which the assignee of the payor was substituted for the payee at a time when the note would have been barred if action thereon had not been brought until that time, but there a cause of action was alleged in the original petition and the amendment related back to the beginning of the action."

In the case of *Service v. Bank,* supra, the amendment requested, allowed, and held to relate back to the commencement of the action, was the substitution of a new party plaintiff as sole plaintiff after judgment in the name of the original party. In the case at bar, Hucklebridge, the original plaintiff, caused the petition to be amended by the addition of the name of his partner, Nichols, as a joint party plaintiff, before trial. Such amendment is expressly authorized by the provisions of section 139 of the civil code (Gen. Stat. 1901, §4573), when such amendment does not change substantially the claim or defense. For a discussion of the power of courts to permit amendments by the addition or substitution of parties, the effect of such amendments when made, and the application thereto of the statute of limitations, see *Dixon v. Dixon,* 19 Iowa, 512; *Ellison v. Georgia Railroad Co.,* 87 Ga. 691, 13 S. E. 809.

Under the liberal provisions of our code relating to amendments, and in the light of the foregoing decisions of this court, it is apparent that the amendment made in this case related back to the commencement of the action, that the cause of action was not barred by the statute of limitations, and that the demurrer thereto was improperly sustained.

The judgment is reversed, with directions to overrule the demurrer.

All the Justices concurring.