HARRIET A. MAURER v. JACOB MILLER *et al*.

No. 15,316.   (93 Pac. 596.)

SYLLABUS BY THE COURT.

LIMITATION OF ACTIONS—*Intervenor*—*Contest of a Will*.  A pro-ceeding to contest a will commenced within two years after probate inures to the benefit of a party who intervenes after the statutory period, and the statute of limitations is not available as a defense to the intervening petition.

Error from Miami district court; ALPHEUS LANE, judge *pro tem*.   Opinion filed January 11, 1908.   Re-versed.

*Charles Maurer*, and *L. S. Harvey*, for plaintiff in error.

*E. J. Sheldon*, for defendants in error, except Addie Nichols.

The opinion of the court was delivered by

PORTER, J.:  On the 6th day of August, 1902, the probate court of Miami county probated the will of Jacob F. Miller, deceased, and appointed William Standing as executor.   The will devised all of the tes-tator's estate to William Standing, Addie Nichols, Josephine Savage, and John T. Haight, in certain por-tions named therein.

Afterward, on the 13th day of March, 1903, Jacob Miller, claiming to be one of the heirs at law of the deceased, brought this suit in the district court to contest the will, claiming that the testator was of unsound mind and under the undue influence of defendants at the time the will was executed. The case has never been brought to trial and is still pending in the district court. One of the defendants, William Standing, died, and the suit was revived. His widow, as his sole heir and executrix, and William Crowell, administrator *de bonis non* with the will annexed of Jacob F. Miller, deceased, were made defendants.

While the suit was still undetermined, and on December 16, 1905, Harriet A. Maurer, plaintiff in error, filed in the suit a motion to be allowed to intervene and set up her rights as an heir at law of Jacob F. Miller, deceased. This motion was allowed, and she filed her intervening petition. A demurrer was sustained to it, and afterward an amended intervening petition was filed, in which she alleged that she was an heir at law of Jacob F. Miller, deceased, and interested in the subject-matter, and the rights, title and interest of defendants in the action were adverse to her rights. She then set up the same grounds for contesting the will that are alleged in the petition of Jacob Miller, the original plaintiff. She also alleged that she resided at Cedar Rapids, Iowa, and that she did not learn of the death of Jacob F. Miller, the testator, nor of the pretended will, until two years after the will had been probated. The defendants in the suit demurred to this intervening petition, on the ground that the statute of limitations requiring a suit to contest a will to be brought within two years from the time the will is probated barred her cause of action. The court sustained the demurrer, and this is alleged as the sole ground of error.

The question is therefore sharply presented whether an action begun before the bar of the statute falls will inure to the benefit of a party who intervenes after the

time when the action would be barred. In the brief of defendants in error it is assumed that the ruling upon the demurrer was correct. No reasons are suggested or argument offered in support of it; and no authorities are cited upon the proposition. Plaintiff in error relies upon the case of *Lyons v. Berlau,* 67 Kan. 426, 73 Pac. 52, where a question somewhat similar was decided. That was a suit to contest a will, and one of the devisees who was friendly to the contestor afterward joined in the suit to have the will annulled, and was not made a party until two years after the will was probated. It was held that the bringing in of such party was permissible and that the prosecution of the suit thereafter was not affected by the statute of limitations.

In the present case it is conceded that the main suit can still be prosecuted, the only contention being that the cause of action belonging to the intervenor is barred. There is no discussion of the question in the opinion in *Lyons v. Berlau, supra,* and the only authority referred to is *Hucklebridge v. Railway Co.,* 66 Kan. 443, 71 Pac. 814. There the sole question decided was that where an amendment simply adds the name of a party plaintiff, and does not substantially change the claim of plaintiff, the statute is not available as a defense. The same doctrine was declared in *Service v. Bank,* 62 Kan. 857, 62 Pac. 670, where it was said in the opinion, at page 862:

"If the substituted party had introduced a new claim and cause of action by the amendment, against which the statute of limitations had then run, the defense would have been available."

(To the same effect see 25 Cyc. 1303, 1304, and cases cited.)

The principle declared by this court in the cases cited has a pertinent application to the present case. The intervenor sets up no new cause of action or claim against defendants, but relies upon the same grounds to defeat the will which were alleged in the original

petition.    (See *Suber v. Chandler,* 36 S. C. 344, 15
S. E. 426; *Becnel v. Waguespack,* 40 La. Ann. 109, 3
South. 536.)    In volume 25 of the Cyclopedia of Law
and Procedure, at page 1301, it is said:

"A suit brought before the bar of limitation is com-
plete will inure to the benefit of one intervening after
the time when but for the commencement of the suit
the claim would be barred." (Citing *Becnel v. Wagues-
pack, supra; Foote v. O'Roork,* 59 Tex. 215; *Field v.
Gantier,* 8 Tex. 74.)

The two Texas cases referred to in the note are cited
by plaintiff in error.    Both were actions upon promis-
sory notes and the intervenor in each case claimed an
interest in the note.    It was held that as the cause of
action was not changed the intervenor took the cause
as he found it, and that the statute was no defense.
It is further said in volume 25 of the Cyclopedia of
Law and Procedure, at page 1301:

"According to some decisions, however, intervention
will not have this effect, when no privity of estate or
community of interest exists between the parties."

In the present case it is apparent that a community
or privity of interest does exist between the intervenor
and the other parties.    The law favors, and our code
makes ample provision for, the intervention of parties
who have or claim an interest in the subject-matter
of the controversy. (Civ. Code, § 42; Gen. Stat. 1901,
§ 4470.)    A suit to contest a will is a proceeding *in rem.*
The court acquires jurisdiction of the *res,* and its decree
affects the interest therein of all parties who in fact
have an interest in it. (17 A. & E. Encycl. of L. 185;
*Coleman v. Martin,* 6 Blatchf. [U. S. C. C.] 119.)

In the present case, if the decree finally entered
should adjudge the will to be invalid, it would inure to
the benefit of plaintiff in error.    No decree the court
could enter could fail to affect her rights.    For this
reason she has the right to intervene and to prosecute
the suit to its end, regardless of what the original
plaintiff may do.    Her right to recover does not depend

solely upon his right to maintain the action. Pending the final determination he may see fit to abandon the suit, or he may be found to have no right to maintain it for the reason that he is estopped by having accepted under the will, or some other obstacle may stand in the way of his maintaining the suit; but, if the grounds for setting aside the will alleged in his petition are established, the intervenor may upon the same grounds maintain the action.

The intervenor takes the suit as he finds it. He is not permitted to change the form of the action or the issues, or to raise a new one. But his right to maintain the action after intervention "cannot be defeated by the dismissal by the plaintiff of the original suit, nor by the plaintiff's being non-suited." (17 A. & E. Encycl. of L. 185.)

A case squarely in point is *Bradford v. Andrews et al.*, 20 Ohio St. 208, 5 Am. Rep. 645. There the proceedings to contest a will were commenced within the statutory time. Only a part of the persons interested were made parties, and it was held that the right of action was saved as to all who were ultimately made parties notwithstanding some of them were not brought into the case until after the period of the statute of limitations had expired. In the opinion it was said:

"The interest of the parties is joint and inseparable. Substantially this is a proceeding *in rem,* and the court cannot take jurisdiction of the subject-matter by fractions. The will is indivisible, and the verdict of the jury either establishes it as a whole, or wholly sets it aside. To save the right of action therefore to one is necessary to save it to all. The case belongs to that class of actions where the law is compelled either to hold the rights of all parties in interest to be saved, or all to be barred. And it seems now to be quite well-settled law that the preference will in such cases be given to the right of action, and not to the right of limitation. The right to sue is a favored right, and is guaranteed by constitutional provision, while the right of limitation generally meets with more or less disfavor." (Page 219.)

The commencement of the original suit within two years from the probate of the will inured to the benefit of the intervenor, and the statute of limitations therefore furnished no defense to the intervening petition.

The judgment is reversed, with directions to overrule the demurrer.