Nos. 18,852 and 18,853.

RICHARD D. HARLAN, as Executor, etc., *Appellee*, v.
SANFORD LOOMIS, *Appellant*.

SYLLABUS BY THE COURT.

1. PETITION—*Mistake—Amendment — Substitution of Different
Plaintiff*. An amendment of a petition to correct the mistake
of a pleader which merely substitutes one party for another
as plaintiff does not change the cause of action.

2. SAME — *Amendment Relates to Commencement of Action*.
Such an amendment relates back to the institution of the
action, and the statute of limitations stops running as to the
substituted plaintiff when the action is begun rather than
when the amendment is made.

3. IMPLIED CONTRACT—*Recovery of Rents—Three-year Statute
of Limitations*. An action to recover rents for land, the
possession of which is wrongfully withheld, is founded on
implied contract, and the three-year statute of limitations
applies.

Appeals from Lyon district court; CHARLES A.
SMART, judge *pro tem.* Opinion filed May 9, 1914.
Affirmed.

*Owen S. Samuel*, of Emporia, for the appellant.

*R. M. Hamer*, and *H. E. Ganse*, both of Emporia,
for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: These actions were brought to re-
cover rents for the use of a certain tract of land the
possession of which had been the subject of earlier
litigation. (*Stouffer v. Harlan*, 68 Kan. 135, 74 Pac.
610, 64 L. R. A. 320, 104 Am. St. Rep. 396; *Stouffer
v. Harlan*, 84 Kan. 307, 114 Pac. 385.) The first of
the actions now under consideration, in which James
S. Harlan was named as plaintiff, was brought on Au-
gust 14, 1909, to recover from Sanford Loomis the
rentals of the land for the years 1906, 1907 and 1908

at the rate of $500 for each year. Subsequently it was discovered that a mistake had been made in naming James S. Harlan as plaintiff, and on an application made on June 1, 1911, the court permitted an amendment of the petition to be made by the substitution as plaintiff of Richard D. Harlan, who was the executor of the estate of Phineas Prouty, deceased, which estate owned the land for the use of which the action was brought. On July 17, 1911, a second action was brought by the appellee against appellant to recover for the use of the same land for the years 1909 and 1910 a rental of $500 for each of those years. The cases were consolidated for the purpose of trial, and it was determined, against the contention of appellant, that the causes of action for the rentals were not barred, and that appellee was entitled to recover for the use of the land during the period it had been occupied by appellant a rental of $330 for each year with interest at the rate of six per cent per annum.

The principal contention on these appeals is that the right of recovery for the earlier years, at least, was barred by the statute of limitations. It is insisted that the commencement of the action in the name of James S. Harlan did not operate to toll the statute of limitations, and that when the amendment was made substituting appellee as plaintiff the three-year statute of limitations had run on the claims for rent set out in the original petition. There is no contention that the amendment substituting one party for another was improperly allowed, but it is contended that James S. Harlan was a stranger to the land occupied by appellant and to the controversy as to the rentals for its use, and that an action in his name did not arrest the running of the statute on the claims, and that the amendment substituting Richard D. Harlan, executor, as plaintiff did not relate back to the commencement of the action. It appears that James S. Harlan had acted as agent and representative of the owner of the

land, and had been named as a party in the earlier
suits respecting the possession of the land. Through a
mistake of the pleader he was named as plaintiff in-
stead of his brother, who was then the sole representa-
tive of the estate. Appellant could not have been mis-
led, as he had corresponded with James S. Harlan about
the rent and had assumed that he was in control of it.
Besides, the recovery sought throughout the litigation
was the value of the use of the particular tract of land
occupied by appellant for a definite period of years
which was specified. The nature and purpose of the
action was the same after as before the amendment.
In *Service v. Bank,* 62 Kan. 857, 62 Pac. 670, it was
held that an amendment which merely substitutes one
party as plaintiff for another to correct a mistake does
not change the cause of action, and that the statute of
limitations stops running as to the substituted plain-
tiff when the action was begun. It was there said that:

"As the amendment did not introduce a new claim
or cause of action it is not to be deemed a change of
the action itself; and, under the liberal provisions of
our code authorizing amendments, we think the amend-
ment relates back to the beginning of the action, and
that the statute of limitations did not run against the
owner of the paper during he pendency of the pro-
ceeding." (p. 862.)

Other supporting authorities are: *Weaver v. Young,*
37 Kan. 70, 14 Pac. 458; *Hucklebridge v. Railway Co.,*
66 Kan. 443, 71 Pac. 814; *Maurer v. Miller,* 77 Kan. 92,
93 Pac. 596; *Cooley v. Gilliam,* 80 Kan. 278, 102 Pac.
1091, and *Cunningham v. Patterson,* 89 Kan. 684, 132
Pac. 198.

It is contended that the action brought by appellee is
founded on tort, and therefore the two-year statute
of limitations should be applied. The record discloses
that the action was not for trespass to real estate, but
was brought to recover rents, an action founded on
implied contract, and therefore the three-year statute
of limitations is applicable. (*Gatton v. Tolley,* 22 Kan.

Palin v. Insurance Co.

678; *Seibert v. Baxter*, 36 Kan. 189, 12 Pac. 934; *Mo. Pac. Rly. Co. v. Houseman*, 41 Kan. 304, 21 Pac. 284.)

There is nothing substantial in the claim that appellee should be regarded as having abandoned the land and estopped to assert the claims for its use by appellant.

The judgment of the district court is affirmed.