No. 19,174.

FRANCIS M. BLACK and SUSAN B. BLACK, *Appellees*, v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

BILL OF PARTICULARS—*Amendment*—*Additional Party Plaintiff*. In an action before a justice of the peace to recover damages for a fire alleged to have been caused in the operation of defendant's railway, an amendment allowing the addition of the name of a party plaintiff does not substantially change the claim or defense, where it appears that the amended claim is for the same damages caused by the same fire referred to in the original bill of particulars.

Appeal from Anderson district court; CHARLES A. SMART, judge. Opinion filed January 9, 1915. Affirmed.

*W. W. Brown, James W. Reid,* both of Parsons, and *W. G. Johnson,* of Garnett, for the appellant.

*Noah L. Bowman,* of Garnett, for the appellees.

The opinion of the court was delivered by

PORTER, J.: Francis M. Black brought this action before a justice of the peace to recover damages from a fire alleged to have been caused by the defendant in the operation of its railway. The bill of particulars alleged that he was the owner of the land burned over and of the crops destroyed. At the trial plaintiff obtained leave of court to amend the bill of particulars by adding the name of Susan B. Black as one of the plaintiffs, but the amendment was not written into the bill of particulars. The court thereupon rendered judgment in favor of both plaintiffs for $103 damages, costs, and $10 attorney's fees. The defendant appealed the case to the district court, the appeal bond reciting a judgment in favor of both plaintiffs. In the district court defendant objected to any evidence on behalf of Susan B. Black on the ground that she was not named

as a plaintiff in the summons, and contended that the justice had arbitrarily made her a plaintiff, and therefore defendant was not in court for the purpose of answering an action to which she was a party. The court permitted the pleadings to be amended in accordance with the order made by the justice, and the trial proceeded to judgment in favor of both plaintiffs. If there was no error in these rulings, the judgment must be affirmed.

The defendant cites the case of *St. L. & S. F. Rly. Co. v. McReynolds,* 24 Kan. 368, to the effect that the filing of an appeal bond is not such an appearance as will waive defects in a bill of particulars. But in that case there was a fatal defect in the bill of particulars. In the present case a good cause of action was stated before any amendment was made. Section 140 of the code in express terms authorizes the court to permit such amendments where the claim or defense is not substantially changed.

In *Hucklebridge v. Railway Co.,* 66 Kan. 443, 71 Pac. 814, it was expressly held that in an action for damages the addition of the name of a party plaintiff does not substantially change the claim or defense. Here the claim was for the same damages caused by the same fire alleged to have been set out by the operation of defendant's railway. The defense was necessarily the same as it would have been had the action been prosecuted in the name of the original plaintiff. The defendant appealed from the judgment in favor of both plaintiffs, and had the same opportunity to defend the action in the district court upon the amended bill of particulars that it would have had if no amendment had been made.

"The filing of amendatory and supplemental pleadings rests largely within the discretion of the trial court, and, unless there is a clear abuse of that discretion, its ruling will not be reversed." (*Rogers v. Hodgson,* 46 Kan. 276, syl. ¶ 1, 26 Pac. 732.)

There was no abuse of discretion in the ruling complained of, and the judgment will be affirmed.