No. 23,441.

MARY A. WILLIAMS, as Public Administrator of the Estate of ARCHIBALD MINNEY, Deceased, *Appellee*, v. THE MISSOURI VALLEY BRIDGE & IRON COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

WRONGFUL DEATH—*Action in Name of Wrong Party Plaintiff—Substitution of New Plaintiff Allowed—Statute of Limitations.* In an action for damages for wrongful death, brought for the benefit of a person lawfully entitled thereto, the substitution, by amendment, of a new party plaintiff who had a right to sue in that behalf, in lieu of a plaintiff who did not have such right, was properly allowed by the trial court; and such substitution did not change the cause of action; nor did the statute of limitations run against the substituted plaintiff during the pendency of the action as originally begun.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed April 8, 1922. Affirmed.

*Lee Bond,* of Leavenworth, *E. H. Henning,* and *McCabe Moore,* both of Kansas City, for the appellant.

*W. W. Hooper,* of Leavenworth, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This action was one for damages resulting from death by wrongful act. Judgment was entered against defendant, and the error assigned turns upon the propriety of substituting a Missouri administrator for a Kansas administrator as plaintiff in the action.

One Archibald Minney, a resident of Leavenworth county, was killed in Missouri through the negligence of the defendant bridge company while reconstructing a Missouri river bridge near St. Joseph. Minney had neither wife nor child, but it was shown that he was wont to contribute small sums frequently to the support of his brother, William Minney, and this action was brought in behalf of the latter, under a Missouri statute which sanctioned such recovery.

Archibald had been injured on September 15, 1917, and died two days later, and the action was begun on October 27, 1917. The original petition was brought in the name of William Minney, "the duly appointed, qualified and acting administrator of the estate of Archibald Minney, deceased." William was a Kansas administra-

tor, but the petition did not expressly so state. Issues were joined by answer filed January 10, 1918, but the want of power on the part of such Kansas administrator was not at first raised. An amendment to the petition pleading further concerning the Missouri law was filed on February 14, 1920. On February 20, 1920, defendant filed a demurrer on three grounds, one being that the plaintiff had no legal capacity to sue. It does not appear that the trial court ruled on this demurrer, but it does appear that on April 2, 1920, upon a joint motion of William Minney, administrator of the estate of Archibald Minney, deceased, and of Mary A. Williams, public administrator of the estate of Archibald Minney, deceased, appointed by the probate court of Buchanan county, Missouri, in March, 1920, the latter was substituted as plaintiff in the action, and the trial proceeded to judgment in her name.

While the Missouri administrator filed an amended petition, the cause of action was the same as that originally filed—for damages to William Minney for the wrongful death of Archibald, under the laws of Missouri. No new or different cause of action was stated; and the question for our review arises out of the court's order substituting as plaintiff an administrator who could maintain the action for one who could not.

Of course the Kansas administrator had no legal capacity to sue and consequently could not maintain the action (*Russell v. Railways Co.*, 106 Kan. 609, 189 Pac. 367), and just as certainly a Missouri administrator could maintain such action under Missouri statutes inserted in the pleadings, and under our own code (Civ. Code, § 47, Gen. Stat. 1915, § 6937.) But it was of prime importance in this case that substitution of such Missouri administrator be made in the action already begun, otherwise the Missouri statute (one year limitation) would bar it altogether. (*Rodman v. Railway Co.*, 65 Kan. 645, syl. ¶ 2, and citations therein, 70 Pac. 642.)

We have some analogous precedents which settle the present question. In *City of Atchison v. Twine*, 9 Kan. 350, a widow brought an action against the city for the death of her husband who was hung by a mob. At the trial, the appointment of an administrator for the estate of the deceased was suggested and he was substituted. This court by Chief Justice Kingman said:

"This action was therefore improperly brought by the widow; and the plaintiff, not having the legal right to bring the action, and that fact appear-

ing upon the face of the petition, it was a suitable case for the interposition of a demurrer. . . . But the court very properly permitted an amendment making the administrator the plaintiff." (pp. 356, 357.)

In *Service v. Bank,* 62 Kan. 857, 62 Pac. 670, an action to foreclose a mortgage was brought by one Mary R. Bryant as plaintiff. She had been the original mortgagee. Later, the Farmington Savings Bank interposed and showed -that it was the owner of the mortgage and it was substituted as plaintiff instead of Mary R. Bryant. This court said:

"Great latitude is given to the trial court in the matter of the amendment of pleadings, with a view of curing defects, supplying omissions, and preventing injustice. Our statute in terms authorizes the adding or striking out of the name of any party or correcting a mistake in the name of a party, or a mistake in any ·respect. (Gen. Stat. 1897, ch. 95, § 139; Gen. Stat. 1899, § 4389.) Here a mistake was made in bringing suit in the name of the payee of the note instead of the party to whom the payee had indorsed and transferred it. While it is a radical amendment to substitute one plaintiff for another, such an amendment is clearly within the power of the court, under the plain provisions of the code, and *Weaver v. Young,* 37 Kan. 70, 14 Pac. 458, is directly in point and settles the question in favor of the substitution. In that case an amendment was permitted striking out the name of one party who was the sole plaintiff and substituting another and distinct party, after it was shown that the first name was used by mistake." (p. 860. Citing many earlier Kansas cases.)

In *Harlan v. Loomis,* 92 Kan. 398, 140 Pac. 845, an action to recover rents was brought by one James S. Harlan as plaintiff. James had been the agent of the landlord, but he had no right to maintain the action. Later his brother, Richard D. Harlan, as executor of the estate of the landlord, brought another action for other rents, and the cases were consolidated and Richard as executor was substituted for James, as plaintiff. This court stated the appellant's position thus:

"There is no contention that the amendment substituting one party for another was improperly allowed, but it is contended that James S. Harlan was a stranger to the land occupied by appellant and to the controversy as to the rentals for its use, and that an action in his name did not arrest the running of the statute on the claims, and that the amendment substituting Richard D. Harlan, executor, as plaintiff did not relate back to the commencement of the action." (p. 399.)

But it was held to the contrary—that the substitution of one party for another as plaintiff did not change the cause of action, and that such amendment related back to the institution of the action and that the statute of limitations stopped running as to the sub-

stituted plaintiff when the action was begun rather than when the substitution was made.

"As the amendment did not introduce a new claim or cause of action, it is not to be deemed a change of the action itself; and, under the liberal provisions of our code authorizing amendments, we think the amendment relates back to the beginning of the action, and that the statute of limitations did not run against the owner of the paper during the pendency of the proceeding." (*Service v. Bank,* 62 Kan. 857, 862.)

· (See, also, *Hudson v. Barratt,* 62 Kan. 137, 140, 141, 61 Pac. 737; *Maurer v. Miller,* 77· Kan. 92, 93 Pac. 596; *Cooley v. Gilliam,* 80 Kan. 278, 282, 102 Pac. 1091; *Cunningham v. Patterson,* 89 Kan.. 684, 686-688, 132 Pac. 198.)

This view is in accord with that of the supreme court of the United States in *Mo., Kan. & Tex. Ry. v. Wulf,* 226 U. S. 570, 57 L. ed. 355.

The foregoing sufficiently disposes of the question presented, and the judgment is affirmed.