338

No. 32,372

C. R. McGinnis, *Appellee*, v. General Exchange Insurance Corporation et al., *Appellants*.

(46 P. 2d 876)

Opinion filed July 6, 1935.

*William J. Wertz* and *Vincent F. Hiebsch,* both of Wichita, for the appellants.

*R. Bowland Ritchie,* of Wichita, and *C. Fletcher Douglass,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

Thiele, J.: This is an appeal from an order overruling a demurrer.

Suit was instituted against the General Exchange Insurance Corporation as sole defendant. The original petition alleged that on September 29, 1928, the insurance corporation issued its policy insuring plaintiff against loss by theft of a described automobile; that on September 1, 1929, the automobile was stolen; that proof of loss was made, but that the insurance corporation refused to pay. Judgment for the face of the policy and for an attorney's fee was asked. The terms of the insurance policy were that the corporation "does insure the dealer and the purchaser named below and the General Motors Acceptance Corporation as their interests may appear," to an amount not exceeding the actual cash value of the automobile, against certain specified risks, including theft. C. R. McGinnis is

named as purchaser, and Sherer Bell Motor Company as dealer. The following clause is included:

"Acknowledgment is hereby made of the notice of the existence of a lien on the above-described automobile, in favor of said dealer or General Motors Acceptance Corporation, or their assignees."

The policy was effective September 29, 1928, and expired September 29, 1929. The insurance corporation filed an answer denying there had been any theft of the automobile and denying that the petition stated a cause of action in favor of plaintiff and against it for the reason that the pleadings disclosed a defect of parties in that the policy of insurance was issued by the insurance corporation as payor to the owner, the dealer and the acceptance corporation, as the three named assureds or payees, was a joint contract, and that all three must join or be joined in an action for alleged breach of the contract, and that the failure to join the said owner, dealer and acceptance corporation was a fatal defect of parties, and a cause of action was not stated. On October 6, 1934, the court granted plaintiff's motion for permission to amend his petition and bring in as parties, either plaintiff or defendant, the General Motors Acceptance Corporation and the Sherer Bell Motor Company (sometimes referred to as Shearer-Bell Motor Co.), and thereafter, and on October 18, 1934, which was five years and forty-eight days after the automobile was stolen, plaintiff filed an amended petition, which, so far as need here be noticed, repeated the allegations of the original petition, and added the following:

"That said policy of insurance was made payable to the plaintiff, the Shearer-Bell Motor Company and the General Motors Acceptance Corporation as said parties' interest might appear; that said defendant, Shearer-Bell Motor Company and General Motors Acceptance Corporation, had, at the time of the theft of the automobile, as hereinbefore alleged, no interest in said automobile or in the proceeds from the afore alleged insurance policy."

To this amended petition the acceptance corporation demurred on the grounds that the petition did not state facts sufficient to constitute a cause of action, and that the petition shows on its face that plaintiff is barred by the statute of limitations.

The trial court overruled this demurrer and both the insurance corporation and the acceptance corporation appeal.

The appellants' contention is this: The contract was a joint one, and until suit was brought in which all of the joint obligees were parties, no cause of action was stated, and that not having been

attempted until after five years from the time of theft of the automobile the action was barred. It is also contended that the plaintiff's petition did not state a cause of action against the coöbligees. It is quite apparent from the policy that the automobile was sold on deferred payment or payments, and that the interests of the various parties might vary from time to time. It is also quite apparent that any time the automobile was fully paid for, both the dealer and the mortgagee would have no interest therein. It is likewise true that in event of loss, under certain conditions, the amount of insurance paid might be divisible in two or three ways, or possibly would all go to the owner if the car was fully paid for and no lien existed. It may be said the parties might have determinable interests in the proceeds in event of loss—it may be questioned whether the interests were joint.

For our purposes it may be conceded that the general rule is that persons having a joint legal interest in the subject of the action must join as plaintiffs (Restatement, Contracts § 129) and that if the consent of one cannot be obtained he may be joined as a defendant and that the provisions of our code are to that effect. (R. S. 60-412.) It must also be noted, however, that under R. S. 60-401 every action must be prosecuted in the name of the real party in interest; that under R. S. 60-741 if it appears from the petition or in any other manner there is a defect of parties plaintiff the court may require them to be brought in; that under R. S. 60-759 the court may in furtherance of justice amend any pleading or process, when such amendment does not change substantially the claim, and that under R. S. 60-760 any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party shall be disregarded. The original petition made no specific allegation that the plaintiff was the sole party in interest, nor that the coinsureds under the insurance policy had no present interest in the proceeds of the policy on account of the claimed loss, but it was alleged that plaintiff's automobile was stolen, that its actual cash value was in excess of the amount of the insurance, and that plaintiff had given due notice of the loss and theft with affirmative proof thereof to the insurance company, so that it may be said the insurance company was aware of plaintiff's claim; and that it was aware plaintiff was asserting an individual claim to the entire proceeds is evident from its answer, for it is alleged there was no theft, but a voluntary parting with title and possession by a loan

of the automobile to a third person, and by reason thereof no loss under the terms of the policy. The matter of joint interest by the plaintiff, the dealer and the acceptance corporation was then pleaded. To meet the objection thus raised, the plaintiff filed his amended petition which included the paragraph above quoted.

The first question for our consideration is whether that changed his cause of action. The demurrer of the acceptance corporation to the amended petition admitted that at the time of the theft of the automobile it had no interest in it nor in the proceeds of the insurance policy. It seems fruitless to argue that under such circumstances it is at all material whether the statute of limitation had or had not run as between plaintiff and his coinsured, for if it had no interest at the time of the claimed theft, it was not then and has not since been a real party in interest, the only purpose in filing the amended petition was to avoid a technical difficulty and did not change the cause of action which the plaintiff had against the insurance company. If the acceptance corporation had an interest in the proceeds of the insurance, it would have been the insurance company which could plead the bar of the statute. The insurance company, in any event, was not concerned as to how insurance moneys, which it might be compelled to pay, were divided between plaintiff, the dealer and the acceptance corporation, so long as it was protected from further liability under the policy of insurance.

In *Railway Co. v. Hucklebridge*, 62 Kan. 506, 64 Pac. 58, it was held:

"An agreement between two persons, one to furnish money to purchase and ship cattle, the other to perform the labor of buying and shipping them, upon sale the profits to be shared and the losses to be borne equally, constitutes them partners as to one who has inflicted loss upon them by injuring the cattle, and a suit for damages for the injury must be brought in the name of both." (Syl. ¶ 1.)

The same action was here again and reported in *Hucklebridge v. Railway Co.*, 66 Kan. 443, 71 Pac. 814, it being there held:

"The amendment of a petition, in an action for damages, by the addition of the name of a party plaintiff, does not change substantially the claim or defense.

"Such an amendment, made more than two years after the cause of action accrued, relates back to the date of the commencement of the action, and the cause of action is not, for that reason, barred by the statute of limitations." (Syl. ¶¶ 1, 2.)

In *Curry v. Railroad Co.*, 58 Kan. 6, 48 Pac. 579, it was held:

"A contract entered into and performed jointly by two or more persons, the compensation for the performance of which is separate and distinct as to each of such persons, may be sued upon separately by each of them, to recover the amount due to him or the damages sustained by him." (Syl. ¶ 3.)

In 47 C. J. 64 it is said:

"A party to a contract, who has a legal interest therein, may sue on the contract without joining with him as plaintiffs others who contracted jointly with him with defendant where the others have no interest in the suit. Where the statute requires a suit to be brought by the real parties in interest, one who is the only party interested may sue on a contract really made for the benefit of himself and others."

In *Service v. Bank*, 62 Kan. 857, 62 Pac. 670, Alexander made a note and mortgage to Bryant, which was sold to the Farmington Savings Bank. It sent the note to attorneys at Wichita, who, through a misconception, brought suit to foreclose in the name of Bryant. After a judgment, Bryant filed a purported release and satisfaction of the judgment. The bank brought suit to cancel the release. It then discovered the suit in the name of Bryant and sought to be substituted in that action and this was allowed. The release was set aside and foreclosure allowed. Mrs. Alexander, whose name had been changed to Service in a divorce action, appealed. In disposing of the matter, attention was directed to the great latitude given to trial courts in permitting amendments to cure defects, supply omissions and prevent injustice. In disposing of a contention that the cause of action had been changed and the bar of the statute of limitations had fallen, it was said:

"As the amendment did not introduce a new claim or cause of action, it is not to be deemed a change of the action itself; and, under the liberal provisions of our code authorizing amendments, we think the amendment relates back to the beginning of the action, and that the statute of limitations did not run against the owner of the paper during the pendency of the proceeding. (*Thomas v. Fame Ins. Co.*, 108 Ill. 91; Busw. Lim. § 364.)

"If the substituted party had introduced a new claim and cause of action by the amendment, against which the statute of limitations had then run, the defense would have been available; but the object of the action from the beginning, as we have seen, was a recovery against the Alexanders upon the note which they had executed, and the foreclosure of the mortgage given by them as security for its payment." (p. 862.)

A similar question was under consideration in *Williams v. Bridge & Iron Co.*, 111 Kan. 34, 206 Pac. 327, where it was held a substitution did not change a cause of action nor did the statute of limita-

tions run against the substituted plaintiff during the pendency of the action as originally begun.

In *Burkhardt M. & E. P. Co. v. Hudson,* 165 Wis. 412, 162 N. W. 429, the company brought suit to recover illegal taxes. After the statutory time had expired, other taxing districts were made parties. It was claimed that bringing in of other parties made a new cause of action which was barred. It was held that the bringing in of additional parties in no way affected plaintiff's rights against the defendant city.

In the case before us the plaintiff, although imperfectly, stated a cause of action against the insurance company, which is not concerned about the relations between the plaintiff, the dealer and the acceptance corporation, further than that when it paid any loss it be fully released from liability, and neither is it in a position to complain because any cause of action the dealer and the acceptance corporation may have had against it may now be barred.

We conclude that the amendment of the petition by bringing in of additional parties defendant and alleging they had no interest in the insurance moneys sought to be recovered did not change the cause of action; that the amendment related back to the commencement of the action and for that reason the cause of action is not barred by the statute of limitations.

The judgment of the lower court is affirmed.