WILLIAM R. HAZEN v. HARVEY M. ROUNSAVILLE.

OCCUPYING-CLAIMANT LAW; *Review.* The defeated occupant in an action for the recovery of real property is entitled to an investigation of his right under the occupying-claimant law upon a mere request, and error will not lie to the supreme court from a ruling of the district court, causing a journal entry of the request of the claimant to be made, and allowing an investigation of his claim to proceed.

*Error from Shawnee District Court.*

THE material facts are stated in the opinion.    The plaintiff *Hazen* brings the case here.

*J. P. Greer,* and *Hazen & Isenhart,* for plaintiff in error.

The opinion of the court was delivered by

JOHNSTON, J.: In an action of ejectment brought by William R. Hazen against Harvey M. Rounsaville, it was found and adjudged that Hazen was the owner and entitled to the possession of lots Nos. 385 and 387 Taylor street, in the city of Topeka.    The judgment was brought to this court for review, and in January, 1885, a decision was rendered affirming the same. (*Rounsaville v. Hazen,* 33 Kas. 71.)    When the mandate of the supreme court was presented and an entry thereof made in the district court, an application was made by Harvey M. Rounsaville for the benefit of the occupying-claimant law. The court thereupon ordered that a hearing of said application be had on a future day, at which time considerable testimony was taken upon the application regarding the improvements placed upon the lots by the defendant, and his rights as an occupying claimant.    The court sustained the request and application of the defendant, and held that he was entitled to the relief asked for, and allowed further proceedings to be taken in the premises in accordance with the provision of the statute.    W. R. Hazen excepted to this ruling, and now prosecutes a petition in error to reverse it.

No appearance has been made here for the defendant, which

may perhaps be accounted for by the fact that he does not deem the ruling one of which we may take cognizance at this time. It is clear that such is the case, and that the ruling made is not before us for review. It is not a judgment or final order, nor does it fall within any of the orders specifically enumerated in § 542 of the code as subject to review in this court. In fact, no adjudication was necessary, nor should any have been made upon the application. The statute declaring the steps that are to be taken at this stage of the proceedings is as follows:

"The court rendering judgment in any case provided for by this act against the occupying claimant, shall, at the request of either party, cause a journal entry thereof to be made, and the sheriff and clerk of the court, when thereafter required by either party, shall meet and draw from the box a jury of twelve men of the jurymen returned to serve as such for the proper county, in the same manner as the sheriff and county clerk are required by law to draw a jury in other cases, and immediately thereupon the clerk shall issue an order to the sheriff under the seal of the court, setting forth the name of the jury and the duty to be performed under this article." (Civil Code, § 603.)

This provision plainly indicates the procedure to be pursued when judgment is rendered against the party in possession. Upon the mere request of the occupant, a journal entry of the request is allowed and made. The defeated occupant is entitled to have inquiry instituted under the provisions of the occupying-claimant act, upon proper application, and the court is without discretion in allowing it. It is given as a matter of course, just the same as a second trial of the action for the recovery of real property is allowed upon a proper demand. When the application is made and allowed, either party may continue the investigation by the calling of a jury. The assessments and valuations made by the jury are reported to the court, and at the succeeding term action is taken thereon and such judgment is rendered as the findings of the jury, as well as the nature of the case, will warrant. The judgment then rendered may properly be brought before this court

Hershfield v. Lowenthal.

for review, and the questions sought to be raised in this proceeding may then be raised and determined. The record, however, shows that the request of the defendant for an investigation of his rights as an occupying claimant was allowed and entered, and this ruling is not reviewable here.

The petition in error will therefore be dismissed.

All the Justices concurring.