Kuykendall v. Taylor.

---

No. 19,054.

EVA KUYKENDALL and EVA CURTIS, *Appellees*, v. CAROLINE TAYLOR and MACK TAYLOR, *Appellants*.

SYLLABUS BY THE COURT.

1. EJECTMENT—*Void Tax Deed—Rights of Occupying Claimant —Lasting Improvements—Limitation of Action for Rents and Profits.* In an action in ejectment where a tax deed under which the defendants held possession was adjudged to be invalid and where the defendants were held to be entitled to the benefits of the occupying claimant's law and therefore entitled to recover the lasting and valuable improvements made on the premises and also the taxes paid by them, but that they were chargeable with the rents and profits they had enjoyed, the recovery by plaintiffs for the rents and profits can only be such as have accrued within three years before the commencement of the action.

2. SAME—*Value of Improvements—Waiver of Jury Trial.* The unsuccessful occupying claimant is entitled, upon request, to have a sheriff's jury drawn to assess the value of the lasting and valuable improvements made on the premises by him, but the failure to make the request within a reasonable time after the right to possession has been adjudged and until the court is proceeding to determine the value of such improvements is deemed to be a waiver of that right.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed December 12, 1914. Affirmed in part and reversed in part.

*Dorsey Green*, of Kansas City, for the appellants.
*I. F. Bradley*, of Kansas City, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action brought by plaintiffs to recover from defendants the possession of a city lot and damages for withholding possession of the same. It appears that the patent title to the lot was in plaintiffs, while defendants' claim of ownership was based on a tax deed issued in 1904. Since the issuance of the tax deed defendants have paid the taxes on the lot and made some improvements thereon. At the trial the court held the tax deed to be void and so advised the jury, and in answer to special questions of fact the jury found that lasting improvements had been made by defendants on the property of the value of $33, that they had paid $300.54 as taxes on the property, and that the fair rental value of it while occupied by defendants was $180. The court set aside the special findings and rendered judgment awarding the property to plaintiffs, and reserved the questions as to the amount of taxes paid, the rental value received by them and the permanent improvements which they had made for future consideration. At a later hearing the court, over the objection of defendants, found that the rental value of the premises for the time they were occupied by defendants was equal to the amount expended by defendants for taxes paid and improvements which they had made upon the property, and gave judgment accordingly. The defendants appeal, alleging a number of errors on the rulings made on the original trial as well as the subsequent one.

The ruling to the effect that the deed was invalid and that the paramount title to the property is in plaintiffs

appears to be well supported by the record. Defendants, however, are entitled to the benefits of the occupying claimants law (Civ. Code, §§ 622-634), that is, to credit for the taxes paid on the premises, and they are entitled to retain possession of the same until the taxes are paid, or, rather, until the excess of taxes over and above the rents are paid. They are also entitled to the lasting and valuable improvements placed on the premises while they were in possession.

Complaint is made of the ruling of the court in setting aside findings which, it is said, deprived defendants of the benefits of the occupying claimants law. The finding as to lasting and valuable improvements was set aside, it is said, because that element is only for the consideration of a sheriff's jury drawn as provided by the occupying claimants law. It is said that the finding as to taxes was set aside because the rate of interest applied was too low, and that defendants were entitled to a greater credit for taxes than was awarded to them. In the entry setting aside the findings as to rents and taxes it is stated that they are not sustained by the testimony, and that the one relating to improvements was not a proper matter to submit to the jury. The statute requires that lasting and valuable improvements made by the unsucessful occupying claimant shall be assessed by a sheriff's jury, and it provides that the proceeding may be initiated at the request of either party. (Civ. Code, § 624.) The improvements made by defendants on the property in question were not assessed, as we have seen, in that way. When plaintiffs asked to have the reserved questions adjudicated, the defendants objected, and the trial court, instead of authorizing a sheriff's jury, proceeded to try this question as well as those relating to taxes and rentals, and disposed of them on the evidence submitted in the original trial. It may be that the failure of defendants to specifically ask for a sheriff's jury and their general objection to proceeding with the trial of

the reserved questions was treated by the trial court as a waiver of the right to a jury. A sheriff's jury might have been called on the motion made by plaintiffs, but as defendants had allowed months to elapse after the original judgment without requesting a jury and then objected to the further consideration of the reserved questions, including that relating to improvements, they are hardly in a position to complain that the question of improvements was determined by the court instead of by a jury drawn under the occupying claimants law. . Their conduct in the case was, in effect, a waiver of their right to demand a jury. However, there is a valid objection to the action of the court on the demand for rents and profits. The theory of the court, as evidenced by its instruction to the jury as well as by the award made, was that plaintiffs were entitled to recover rentals for the whole period that the property had been occupied and used by defendants. The claim for rents and profits rests on implied contract, that is, the occupant without title who has enjoyed the benefits of the possession and use of the premises is liable to the owner for the reasonable value of the same. In *Gatton v. Tolley,* 22 Kan. 678, it was held that:

"The rents and profits to be recovered in an action in the nature of ejectment, are only those that have accrued within three years before the commencement of the action." (Syl. ¶ 4.)

In *Seibert v. Baxter,* 36 Kan. 189, 12 Pac. 934, an ejectment case, it was ruled that an action for the recovery of rents and profits is not governed by the limitation applicable to the recovery of the land itself but is controlled by the limitation applicable to an implied contract, and although a cause of action therefor had been joined with one in the nature of ejectment, the ordinary three-year statute of limitations was held to apply.

Adams v. Railway Co.

Other cases to the same effect are *Mo. Pac. Rly. Co. v. Houseman,* 41 Kan. 304, 21 Pac. 284, and *Harlan v. Loomis,* 92 Kan. 398, 140 Pac. 845.

The error in adjudicating the rents and profits, however, will not overturn the judgment rendered in the ejectment branch of the case, but will require a retrial and an adjudication of the reserved questions, namely, the amount of the rents and profits to which plaintiffs are entitled, the amount of the taxes paid by defendants, and the assessment of the lasting and valuable improvements which they have made. For these purposes the cause will be remanded to the district court.