No. 28,662.

L. W. CARLYLE, *Appellant*, v. KATIE PEE, *Appellee.*

(275 Pac. 1091.)

Opinion filed April 6, 1929.

*Archie D. Neale,* of Chetopa, for the appellant.

*Carl V. Rice,* of Parsons, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This appeal raises two questions—first, whether the former appeal was still pending in this court when the trial court resumed the trial of the case, and, second, whether the appellant had by his conduct in the former trial waived his right to request a jury under the occupying-claimant's statute.

The appellant brought an action against the appellee to quiet the title to real property which he was occupying in good faith and to which he had deeds of conveyance from the owner. The defendant, in addition to her general denial, filed a cross petition in the form of an action in ejectment, and asked for an accounting as to the rents and profits. A trial on the issues thus formed was had in June, 1927, which involved the question of the validity of a will, and the court found and decided in favor of the defendant and against the plaintiff on the question of title. The plaintiff appealed to this court, where the judgment was affirmed, as reported in *Carlyle v. Pee,* 125 Kan. 727, 265 Pac. 1113. That opinion was handed down April 7, 1928. A petition for rehearing was filed in this court by appellant April 25, 1928. It was considered and denied May 11, 1928, and the mandate was sent to the clerk of the district court immediately thereafter. On May 16, 1928, a request was filed by the appellant for permission to file a second petition for rehearing, and this was denied on May 20, 1928. The records here show the above dates and that the mandate was never recalled.

The case was called for further trial in the district court on May 31, 1928, at which time the objection was made by appellant that the court was without jurisdiction because the matter was still pending in this court upon appeal. The appellant may not have had before him all the above facts and dates at the time of making the objection to the jurisdiction of the trial court, but the facts show conclusively that there was nothing pending in this court when the case was called for further hearing in the trial court and that court had complete jurisdiction of the case. When the case was called for further hearing on May 31, 1928, the appellant called for a jury under the occupying-claimant's act, and the court refused to grant the request because the appellant had in effect waived that right by participating in the introduction of evidence along that line without

objection or such request at the trial in June, 1927, under the issues raised by the cross petition in ejectment filed by the defendant calling for an accounting, and that branch of the case had been continued for further hearing when decision had been rendered on the question of title. The journal entry of that trial, after disposing of the question of title, stated:

"It is ordered that the hearing and taking of testimony on accounting for rents of premises, claimed of the plaintiff by the defendant, Katie T. Pee, be continued to a later date."

It is strongly urged and maintained by the learned counsel for the appellant that R. S. 60-1903 requires that a journal entry of the judgment be first made, when the judgment is against the occupying claimant, before it is incumbent upon either party to the action to make the request for a sheriff's jury to determine the value of the improvements. He cites in support of this view of the law three Kansas decisions, viz., *North v. Moore,* 8 Kan. 143; *Lemert v. Barnes, Ex'r,* 18 Kan. 9; and *Hazen v. Rounsaville,* 35 Kan. 405, 11 Pac. 150. In the first case the court refers to this feature of the case as a separate proceeding from the original suit and one that grows out of it, and holds that, while the statute does not require any notice of the further hearing, in fairness there should be reasonable notice, and concludes this subject as follows:

"It is too late to object to want of notice, or want of sufficient notice, when a party has appeared without objection, and has taken the chance of a satisfactory decision, has taken steps to obtain such a decision, and makes his objection only when the decision is not such as he expected or desired. By his appearance and participation he waived his right to insist on notice, or to claim that it was not a reasonable one." (p. 153.)

The second case cited suggests that the occupying claimant would not want to make such request while he was contesting the question of title, as he might thereby appear to "confess the hopelessness of his cause." But the court in the same discussion says, "We suppose it makes but very little difference which was done first" (p. 13), referring to the request and the rendition of judgment.

In the third case cited the request was made after the judgment on the title had been rendered, and the court sustained the request and allowed further proceedings. On appeal this court held it was not in itself an appealable order, but restated the right of the occupying claimant to make such request after an adverse judgment. There is no doubt this is the orderly way intended under and by the

statute—to try the question of title first and reserve the question of accounting as to rents and profits for a subsequent hearing. In many decisions this question of accounting is referred to as the question reserved, meaning that it is either by request or by common consent deferred during the progress of the trial of the case on the question of title. But it surely is not error to try both matters together when there is no objection or request for a jury, and in that event the right to a jury would certainly be waived.

Appellant cites the case of *Kuykendall v. Taylor*, 93 Kan. 471, 144 Pac. 818, to show the request can only be made after the judgment and the filing of the journal entry. The second paragraph of the syllabus is as follows:

"The unsuccessful occupying claimant is entitled, upon request, to have a sheriff's jury drawn to assess the value of the lasting and valuable improvements made on the premises by him, but the failure to make the request within a reasonable time after the right to possession has been adjudged and until the court is proceeding to determine the value of such improvements is deemed to be a waiver of that right."

While, as stated above, this is the orderly way to proceed if the question is properly reserved, yet the claimant may by his own conduct waive his rights, as the court held in the case just cited, as stated in the opinion:

"When plaintiffs asked to have the reserved questions adjudicated, the defendants objected, and the trial court, instead of authorizing a sheriff's jury, proceeded to try this question as well as those relating to taxes and rentals, and disposed of them on the evidence submitted in the original trial. It may be that the failure of defendants to specifically ask for a sheriff's jury and their general objection to proceeding with the trial of the reserved questions was treated by the trial court as a waiver of the right to a jury. A sheriff's jury might have been called on the motion made by plaintiffs, but as defendants had allowed months to elapse after the original judgment without requesting a jury and then objected to the further consideration of the reserved questions, including that relating to improvements, they are hardly in a position to complain that the question of improvements was determined by the court instead of by a jury drawn under the occupying-claimants law. Their conduct in the case was, in effect, a waiver of their right to demand a jury." (p. 473.)

The record in this case shows that during the trial of the original case on the question of title in June, 1927, considerable evidence was introduced by the appellee on the accounting feature of the litigation, particularly as to rents and taxes. The appellant himself was called as a witness by the appellee and answered as to rents received by him, and on cross-examination he told of the expense of keeping

the houses insured. A stipulation was made as to the taxes paid by appellant. The motion for new trial evidently set up the same two points urged by appellant in this court, and the journal entry of the ruling thereon shows that the trial court considered the appellant to have waived his right to a sheriff's jury by reason of having participated in the introduction of evidence on the accounting branch of the case in the original trial without the question being reserved during the trial or a request being made for a jury. The following is a portion of such journal entry:

"The undersigned judge further finds that on May 31, the date of resuming the trial, the mandate of the supreme court was on file in this court, had not been recalled, and no order of stay asked or obtained; that the trial of this action was commenced on the 21st day of June, 1927, upon issues joined by the petition of plaintiff asking that his title be quieted to the real estate therein described; and the answer and cross petition of defendant, Katie Pee, asking that she be decreed the owner of the premises, that plaintiff be ejected therefrom, and that the plaintiff be required to account for the rents and profits of the premises during the period of his occupancy. The judge further finds that on and prior to the date of commencement of said trial on said issues plaintiff did not demand a jury, and the said action proceeded to trial to the court without a jury; that defendant, Katie Pee, on said trial introduced evidence showing the amount of rents and profits due her from plaintiff; that the court then took said case under advisement, and on the 5th day of July, 1927, adjudged the defendant, Katie Pee, the owner of and entitled to the possession of the greater portion of the real estate described in plaintiff's petition, but not being entirely satisfied with the testimony introduced as to said accounting and the rents and profits, and desiring further testimony thereon, ordered that the further hearing and taking of testimony on said accounting and for rents and profits be continued to a later day; that the trial had on May 31, 1928, and to which this motion for a new trial is directed, was a continuation of the trial of this cause on the issues joined herein, begun on June 21, 1927.

"The undersigned finds that the plaintiff, not having demanded a jury prior to the commencement of trial of said action, and having, without objection, proceeded to the trial of said action without a jury, thereby waived his right, if any, to a trial of said cause by jury."

We think that appellant waived his right as an occupying claimant to request a sheriff's jury when he participated in the introduction of evidence on the accounting branch of the original case without objection or request for jury or for reservation of such question, and that the request was properly denied when made nearly a year later when the cause was called for further hearing as to rents and profits.

The judgment is affirmed.