No. 36,340

CLARENCE BLAIR, *Appellee* and *Cross-appellant,* v. T. O. POOLER, *Appellant.*

(160 P. 2d 672)

Opinion filed July 7, 1945.

· *Roscoe W. Graves,* of Emporia, was on the briefs for the appellant.

*I. T. Richardson,* of Emporia, was on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action in which the plaintiff sought to quiet his title to certain real estate, and in which the defendant sought ejectment, as more fully set out later. The trial court rendered judgment that the parties were tenants in common and that plaintiff have a lien for improvements made and taxes paid. Motions of each party for a new trial were denied, and the defendant has appealed and the plaintiff has cross-appealed.

The record presents no dispute of facts except as to the value of improvements made. In 1942 a tax foreclosure action was instituted by the Board of County Commissioners of Lyon county against the owners of many tracts of real estate, the defendants therein not including the parties to the present action. Among the tracts of real estate described were the following:

No. 354. "Commencing on the south line of the Northwest Quarter (NW¼) of the Northeast Quarter (NE¼) of Section Sixteen (16), Township Nineteen (19), Range Eleven (11), 10.63 chains east of the southwest corner of the Northwest Quarter of the Northeast Quarter, north forty rods, east twenty rods, south forty rods; west twenty rods to the place of beginning; except sixty feet off the north end and except the railroad right-of-way on the south side.

No. 355. "A one and one-half acre tract in the Northeast Quarter (NE¼) of Section Sixteen (16), Township Nineteen (19), Range Eleven (11), described as follows:

"Commencing at a point one hundred and twenty feet south of point 10.03 chains east and forty rods north of the southwest corner of the Northwest Quarter (NW¼) of the Northeast Quarter (NE¼), thence east twenty rods, thence south 305 feet; thence West twenty rods, thence north 305 feet, except south 200 feet."

Comparison of the two descriptions will show that except as to the west six-tenths of a chain or the west 39.6 feet, all of tract 355 lies within and is a part of tract 354.

Following a judgment in the foreclosure action a sheriff's sale was had on August 24, 1942, and tract 354 was sold to J. O. Pooler, defendant in the instant action for $8, and thereafter tract 355 was sold to Clarence Blair, the present plaintiff for $195. Both sales were confirmed on September 30, 1942, and deeds were executed by the sheriff under date of October 1, 1942, conveying the respective tracts to the respective purchasers. Pooler's deed was filed for record in the office of the register of deeds on November 14, 1942,

and Blair's deed was so filed on March 15, 1943. Pooler testified that he heard that Blair had purchased the land under another description and he went to the tract, closed the doors and put up a sign "Keep Out." Blair testified that on the same day he received his deed (date not specified) he went to the property and nailed the doors and windows shut. Blair moved into the property in December, 1943, and has since been in possession. He made extensive repairs and improvements and paid the subsequent taxes on the land described in the deed to him. On March 10, 1944, Pooler gave Blair a written notice in which he set out in substance the description as in No. 355 above; that he had purchased the property and that Blair was unlawfully occupying the property and requesting that he vacate it. Pooler also stated in the notice that any improvements made or to be made by Blair were at his own risk.

On March 22, 1944, Blair commenced an action against Pooler to quiet his title to the real estate as described in No. 355 above, alleging that he went into possession October 1, 1942, and had since so remained. Pooler answered on April 18, 1944, with a general denial, and an allegation that plaintiff's cause of action was barred by the six-months statute of limitations provided in the tax foreclosure act of 1941. He also filed a cross-petition in ejectment. Plaintiff filed a reply and answer which among other things alleged the making of permanent improvements. A trial was had and the trial court concluded that Blair and Pooler were tenants in common, and each should have a lien for the amount of the purchase price paid at the foreclosure sale, and also for permanent improvements made. Thereafter further evidence was received as to the value of improvements, rental value and taxes paid, and in a memorandum opinion, incorporated by reference in the journal entry of judgment, the court found the cost of permanent improvements made by Blair was $850, the rental value from December, 1943, to October 1, 1944, was $100, and the value of a shed removed by Pooler was $5; that Blair and Pooler were tenants in common and that Blair should have a lien for $1,015.60, being the cost of the permanent improvements ($850) plus one-half taxes for 1942 and 1943 (total $52.20—half $26.10) plus difference between purchase price paid by Blair and Pooler ($195—$8, or $187) plus one-half value of shed sold by Pooler ($5, half $2.50) less one-half rental value ($100, half $50), and on October 20, 1944, it rendered judgment accordingly. As has been indicated, the separate motions of Blair and Pooler were denied and each has appealed.

In consideration of this appeal we note that neither party places any stress whatever on the fact that the west line of tract 355 is approximately 40 feet west of the west line of tract 354, and we shall consider the case as though tract 355 was wholly included within the boundaries of tract 354. It may be said there is no evidence that any part of the improvements were on this west portion of the tract involved in the present suit.

No good purpose will be served by taking up and discussing the several contentions advanced and argued by Pooler and Blair as to the trial court's ruling they are tenants in common. We can find no sound basis for such a conclusion. In a preliminary way it may be said we are not concerned with who may have owned or claimed to own either tract 354 or tract 355 prior to the tax foreclosure action. No person, party or otherwise, ever commenced any proceedings, legal or equitable, to set aside the judgment in the tax foreclosure action, or to attack the deeds issued, and generally speaking, at least, all such proceedings were barred in six months after the date of the sale. (See G. S. 1941 Supp. 79-2804b.) In the case at bar it is stipulated that the larger tract 354 was first sold by the sheriff to Pooler. Without objection that sale was later confirmed, a deed was issued to him and recorded, and under the statute then in effect vested in him a fee simple title to the tract included in the judgment, notice of sale and deed. (G. S. 1941 Supp. 79-2804.) When the sheriff sold tract 354 to Pooler he sold the land included in tract 355 later sold to Blair. When the latter tract was offered, the county had nothing left to sell, and Blair legally acquired nothing. However, the sale continued and Blair purchased the smaller tract 355, the sale was confirmed, he received a deed, and concededly he went into and remained in possession and made lasting and valuable improvements.

It is provided by G. S. 1935, 60-1901, that in all cases any occupying claimant being in possession and holding any land under any sale for taxes authorized by the laws of this state, shall not be thrown out of possession or evicted by any person who shall set up and prove an adverse and better title until the occupying claimant shall be paid the full value of all lasting and valuable improvements made by him previous to receiving actual notice by the commencement of suit on such adverse claim by which eviction may be effected.

Neither party requested the selection of a jury to determine the value of the improvements made as provided by G. S. 1935, 60-1903,

and the matter was left to the trial court for determination. It heard evidence as to the nature of the improvements made and determined the cost thereof. Pooler objects that the correct measure is not the cost of improvements, but the enhanced value of the real estate by reason of the improvements. We agree that the cost of the improvements did not determine what was the full value of "all lasting and valuable improvements made" (G. S. 1935, 60-1901). It was in part competent evidence to show what changes were made between the time possession was taken and an adverse claim asserted by one found to have a better title. There was evidence, which although criticized was not controverted, that the property when taken by Blair was worth $500 and after improvements were made and completed in December, 1943, it was worth $1,500. The difference of $1,000 can be attributed only to the lasting and valuable improvements made.

In addition Blair paid taxes subsequent to the sale in the total amount of $52.20. Had he not paid those taxes, Pooler would have had to pay them or the property would have been encumbered with them. Under the circumstances existing Blair cannot be said to be a mere volunteer. He should be repaid those taxes before being evicted. (For provision in such case before tax foreclosure act was passed see G. S. 1935, 79-2506.)

On the other hand, the statute contemplates that the person in possession should be charged with the net annual value of the rents from the time of receiving notice of the adverse title "by service of a summons" (G. S. 1935, 60-1904) or "by commencement of suit" (G. S. 1935, 60-1901). The language of the above statutes cannot be strictly applied, for here the action was instituted by Blair and defended by Pooler. Pooler's claim was first asserted in court when he filed his cross-petition on April 18, 1944, and this we consider as the "commencement of suit." At the trial it was stipulated that a certain real estate man should look at the property and ascertain its monthly rental value. The trial court in its memorandum opinion states the evidence discloses that the rental value was $15 per month. From April 18, 1944, to July 18, 1945, which will be shortly after this opinion is filed, is fifteen months. Blair is accordingly charged with rentals in the amount of $225.

The net result is that Blair is credited with value of lasting and permanent improvements in the sum of $1,000, and with taxes paid

in the sum of $52.20, or a total of $1,052.20, and is charged with value of rents in the sum of $225, leaving a balance of $827.20.

The judgment of the trial court is reversed and set aside and the cause remanded with instructions to render judgment that appellant Pooler is the owner of the real estate as described in tract 355, and entitled to the possession thereof whenever he shall pay to the appellee, Blair, within such reasonable time as the court may allow, the sum of $827.20, with interest at six percent after July 18, 1945, if payment be later made, or if said Pooler elect not to pay said amount, to render such further judgment as is just and proper under G. S. 1935, chapter 60, article 19.