No. 37,452

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ALLEN, *Appellee*, v. MABLE ADAMS et al., *Appellees*, FLOYD H. GROOMER, *Appellant*.

(203 P. 2d 237)

Opinion filed March 5, 1949.

*Wayne Loughridge*, of Garnett, argued the cause and was on the briefs for the appellant.

*J. C. Edwards*, of Iola, was on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to foreclose tax liens on real estate. The matter with which we are concerned has to do with one of the tracts; certain intervenors claimed the right to redeem this tract from the sale. Judgment was for the intervenors, refusing to confirm the sale to the purchaser at the tax sale and permitting the intervenors to redeem.

The land in question is a tract of approximately twelve acres. It was referred to as Tract No. 10 in the foreclosure action. Everything went smoothly in the foreclosure action and on January 29, 1947, the sheriff's return was to the effect that this tract had been

sold to the appellant here for $220 on January 20, 1947. On January 29, 1947, Mr. and Mrs. Lenski filed an application to be made parties defendant in the foreclosure action. In this motion they said they had purchased this tract from the record title owner, the same people against whom the foreclosure action had been brought in April, 1941; that the tract was a part of their homestead and they desired to pay the taxes and redeem it. On the same date the court made an order allowing Mr. and Mrs. Lenski to intervene and gave them five days within which to plead. On February 1, 1947, they filed an application, in which they alleged they had purchased the property on April 4, 1941, from the record title owner; that they took possession of it forthwith and made it a part of their homestead and they thought they had been paying taxes on it and did not know they had not been paying them until the 28th day of January, 1947; that they had intended to record their deed as soon as they received it but failed to do so. They alleged they desired to redeem the real estate by paying all taxes, charges, interest and penalties and they prayed for an order permitting them to do so. On February 8, 1947, the court made an order confirming generally the sale of each and every tract of real estate that had been sold by the sheriff but finding that the Lenskis had made an application to be made a party and claimed to have some interest in Tract No. 10 and continued the motion to confirm the sale of Tract No. 10 until a later date. On February 14, 1947, Mr. and Mrs. Lenski made application to redeem in which they simply stated that they were the record title owners of the real estate and they wished to redeem it from the sale. On February 14, 1947, the court heard the Lenskis' two applications to redeem, one which had been filed February 1, 1947, and the other which had been filed February 14, 1947. At this hearing the court heard evidence. Lenski testified he bought the land for $350 and obtained a deed for it April 4, 1941, but that this deed was not recorded until January 29, 1947; that he was in possession of the land and property and had made some improvements on it and did not know the taxes were delinquent.

Other witnesses testified the property was worth between $1,000 and $1,500 and that it was worth about $100 an acre.

The court treated this as a motion that the sale should not be confirmed as well as one to permit the Lenskis to redeem. The court

did not make any special findings of fact or conclusions of law but remarked, as follows:

"In regard to the sheriff's sale of this property involved which is described in Cause of Action No. 10 in the petition and also on the order of sale and the sheriff's return of the order of sale, with this tract which was sold by the sheriff and is offered for sale by the sheriff on January 20, 1947; in regard to that tract of land the court will find that the fair and reasonable market value of that tract of land — and, of course, that includes improvements on it—is the sum of $900. It is probably worth more than that, and the court will further find that this bid made at that sale on that land, was wholly inadequate and that the sale will not be confirmed and that will be the order and judgment."

In its formal journal entry on February 15, 1947, the court found the fair and reasonable value of the tract to be $900 and that the bid of $220 was inadequate and the land was part of the homestead of the Lenskis and the sale should not be confirmed. The clerk of the court was ordered to disburse $220 forthwith to Groomer.

On March 12, 1947, the court made an order reciting the application of the Lenskis; that they were the owners of the record title; that they had paid to the clerk of the court their equitable share of the costs of the proceedings in the amount of $25.30 and ordered that they be permitted to redeem the real estate by exhibition to the county treasurer of the receipt issued by the clerk of the court for court costs and expenses and the amount of the taxes.

On January 10, 1948, ten months after the order permitting the Lenskis to redeem, Groomer, the original purchaser at the tax sale, filed a motion in which he alleged that he had been the highest bidder at the sheriff's sale on January 20, 1947; that he bid $220 for the tract and paid that amount; that the sale was regularly and legally had and that the sheriff made a return showing the sale to him. The motion referred to the application of the Lenskis; alleged that he was not notified of the filing of the application or the order made and did not know the Lenskis intended to challenge the sale; alleged that on February 14, 1947, an order permitting the Lenskis to redeem was made; stated that this order did not vacate, modify or set aside or affect the original judgment entered in the original tax foreclosure action made December 5, 1946; that he was not notified and was not represented at the hearing of the Lenskis' motion on February 14, 1947; alleged that the sale to him was not confirmed because the land did not bring sufficient amount and because it was a part of the Lenski homestead; that these were not

legal and sufficient reasons to refuse to confirm it; alleged that it was regular in every respect and the court so found in its order permitting the sale of the other lands. He alleged further that an order permitting the redemption was erroneous and void because it was permitted after the time of sale and should be set aside. In this motion he asked for an order setting aside the order of February 14, 1947, refusing to confirm the sheriff's sale and setting aside the order permitting the Lenskis to redeem and for an order confirming the sheriff's sale to him and for an order directing the sheriff to issue him a deed to the property. Evidence was taken on the hearing of this motion.

Groomer testified about the sale of January 20, 1947, and that he was the successful bidder; that he gave a check for the purchase price and the check was cashed; that he did not have notice of the hearing of February 14, 1947, and the first time he knew he would not receive a sheriff's deed was when he received a check from the clerk of the district court which purported to refund his money, the $220 paid at the sheriff's sale, a day or two after February 15, 1947. This check was offered as an exhibit. It had not been cashed.

The clerk of the district court testified that pursuant to the order of the court of February 14, 1947, she wrote a check to Groomer and mailed it to him.

The trial court did not make any formal findings of fact but stated:

"As far as the court is concerned, it seems to me this is a comparatively simple matter. As the statute says, it is the duty of the court to determine if the proceedings are regular. If he finds the proceedings to be irregular he shall not confirm it. He shall confirm it if it is regular. Now, a sale is based on a judgment; a judgment is based on service. Here's a party living on this land—part of his homestead—putting improvements on it and publicly doing that in adverse possession of as against all the world and the commissioners attempt to put him off that land, take it away from him without making him a party to the action. Could you say those proceedings are regular? The proceedings were absolutely irregular and that's largely what the court had in mind when this sale was not confirmed. The sale is only a part of the entire proceedings and, of course, it is based on the judgment, as I say, and the judgment is based on service and if the service—if the proper parties are not served—."

Following those remarks the trial court overruled Groomer's motion to set aside the order permitting the Lenskis to redeem and refusing to confirm the sale to Groomer.

Groomer appealed from that judgment and from the order denying his motion for a new trial.

The specifications of error are that the trial court erred in refusing to confirm the sheriff's sale, in permitting the Lenskis to redeem, in overruling Groomer's motion to set aside the order not confirming the sale and the order permitting redemption; in overruling his motion to confirm the sheriff's sale to him; in overruling his motion for a new trial; in hearing the Lenskis' application to redeem without notice; in directing the clerk of the court to refund the purchase to him, and in assessing costs against him.

Groomer first points to the rule that where a sale has been made in a tax foreclosure action in compliance with the provisions of the statute, the trial court cannot exercise equity powers and jurisdiction to set aside the sale or to refuse confirmation of it. (See *Sherman County Comm'rs v. Alden,* 158 Kan. 487, 148 P. 2d 509; also *Sumner County Comm'rs v. Avis,* 163 Kan. 388, 183 P. 2d 462.) These holdings are based in the main on the third paragraph of G. S. 1947 Supp. 79-2804. That section provides as follows:

"The sheriff shall make return to the clerk, and the same shall, as soon as practicable, be examined by the court, and if found by the court to be regular, it shall be confirmed, and the sheriff ordered to forthwith execute to the purchasers at such sale a good and sufficient deed therefor."

In this case the sale and the sheriff's return had been made before the Lenskis entered the case. When the return was made to the court if upon examination it was found to be regular it was the duty of the trial court to confirm the sale and to order a deed to issue to Groomer. At the hearing on February 14 when the trial court ordered the Lenskis to be permitted to redeem and refused to confirm the sale to Groomer the trial court based its action on the fact that the price paid by Groomer was inadequate and the tract was part of the Lenskis' homestead. These are not irregularities as the word is used in the statute. (See the authorities already cited.) The trial court found the entire proceedings to be regular as far as all the other tracts were concerned. At the hearing on Groomer's motion to set aside the court's order to permit the Lenskis to redeem, the trial court placed its holding on the fact that there had been no service on the Lenskis in the original suit to foreclose. The fact is, however, the action was against the record title holders. The Lenskis' deed was not recorded. When the lawyers were preparing the foreclosure action they did the only thing they could do.

They searched the record and made the record title holders defendants. The deed held by the Lenskis was good against their grantor. Against other persons without notice whose rights intervened, it was of no effect. (See G. S. 1935, 67-223.)

From what has been said so far it would appear that the judgment of the trial court should be reversed. There is a further question presented by the record, however. It will be noted the order refusing to confirm the sheriff's sale as to Tract No. 10 was made February 15, 1947, and on March 12, 1947, the final order permitting them to redeem on the payment of certain specified amounts was made. Immediately after February 14, 1947, the clerk in obedience to the order of the court sent Groomer a check for the amount of his bid, which he had paid in. No steps were taken by Groomer until January 10, 1948, almost ten months after the order permitting the Lenskis to redeem.

The trial court had jurisdiction to vacate or modify this final order at any time within the term at which the order was made. (See G. S. 1935, 60-3007.) The term at which the order of Februray 14 was made ended on the second Tuesday in May, 1947. No steps were taken by Groomer during that time.

The procedure for a review of judgment for taxes or any order of sale is provided for by G. S. 1947 Supp. 79-2804b. That section provides, as follows:

"Legal or equitable actions or proceedings may be brought to open, vacate, modify or set aside any judgment rendered for taxes, interest and costs or any order of sale made under the provisions of section 79-2803 of the General Statutes Supplement of 1943 or amendments thereto, or any sale made under the provisions of section 79-2804 of the General Statutes Supplement of 1943 or any amendments thereof, but every such action or proceeding, including those brought on the grounds and in the manner prescribed by the code of civil procedure, must be commenced within six months after the date the sale of the real estate, which was affected by such judgment, order of sale or sale, was confirmed by the court. The provisions of this section shall apply to all judgments, orders of sale, and sales whether the purchaser at the foreclosure sale be the county or an individual."

Six months from February 14 expired long before January 10, 1948, when Groomer filed his motion. If that motion be construed as an action either legal or equitable it was brought too late. (See *Blair v. Pooler,* 160 Kan. 201, 160 P. 2d 672.)

Groomer realizes the force of the above statute and authorities, but argues that the order of February 14, 1947, refusing to confirm

the sale to him, and the order of March 12, 1947, permitting the Lenskis to redeem was void, and might be attacked any time. If those two orders were void, and not merely erroneous, he is right and his motion was not filed too late. The question is—Were those two orders void? Groomer argues that after the sale the court was bound to confirm it unless an irregularity appeared. He points out that since no irregularity did appear and since jurisdiction of the district court is purely statutory, the trial court did not have jurisdiction of the subject matter and the orders are void. This point is not good. The trial court did have jurisdiction of the entire matter of tax foreclosures. These motions were only a step in this litigation. When the matter of confirming the sale of all the tracts in the action was heard it confirmed the sale as to all the tracts except the one with which we are concerned. The court did not thereby lose jurisdiction. It is true that as we have already demonstrated in this opinion there was no irregularity. The sale should have been confirmed. However, a motion was filed and called to the attention of the trial court, wherein it was alleged that there were irregularities. It was the duty of the court to pass on that motion. The court's failure to rule on it properly was an error, nothing more. (See *Sheridan County Comm's. v. Acre*, 160 Kan. 278, 160 P. 2d 250.) The same may be said of the order permitting the Lenskis to redeem.

The judgment of the trial court is affirmed.

Arn, J., not participating.