(749 P.2d 1056)
No. 60,758

BOARD OF COUNTY COMMISSIONERS OF WYANDOTTE COUNTY, KANSAS, *Appellee,* v. C. G. ADKINS, *et al., Appellants,* and ROY G. PHILLIPS and JEAN PHILLIPS, *Intervenors/Appellees.*

Opinion filed February 11, 1988.

*George E. Mallon,* of Kansas City, for appellants.

*Keith Sevedge* and *Hylton Harman,* of Kansas City, for intervenors/appellees.

Before ABBOTT, C.J., LARSON and RULON, JJ.

RULON, J.: C. G. Adkins (defendant) appeals from the district court's judgment awarding $6,649.91 to Roy G. and Jean Phillips (intervenors-appellees) pursuant to the occupying claimants' statute, K.S.A. 60-1004.

On March 29, 1984, Adkins obtained title to property located at 1240 Scott in Kansas City, Kansas, and properly recorded his quitclaim deed in the office of the Wyandotte County Register of Deeds. Later, the property was sold for $3,900.00 to the Phillipses at a judicial sale. Adkins, however, was not given proper notice of the sale.

On March 20, 1985, Adkins moved to set aside the sale of the property and the Phillipses' motion to intervene was granted. In their response to Adkins' motion, the Phillipses cross-claimed for the value of their improvements to the property pursuant to K.S.A. 60-1004.

The parties stipulated that the tax sale was void as to Adkins because of lack of proper notice, and after hearing the evidence the Wyandotte County District Court awarded the intervenors $6,649.91 compensation for good faith improvements they made to the property.

K.S.A. 60-1004(a) provides:

"Where any person while peacefully occupying realty under color of title in good faith, including mineral leases, has *in good faith made improvements*

*thereon or paid obligations in connection therewith*, such person shall not be dispossessed by a party, establishing a superior right, claim or title until he or she is fully compensated therefor." (Emphasis added.)

Adkins contends that improvements contemplated by the statute must be lasting and valuable and argues that the measure of compensation is not the occupying tenant's expense but the value of the improvements made. We disagree.

Adkins cites *Dreiling v. Colby*, 170 Kan. 570, 228 P.2d 504 (1951); *Blair v. Pooler*, 160 Kan. 201, 160 P.2d 672 (1945); and *McDonald v. Kelson*, 79 Kan. 105, 98 Pac. 772 (1908), as support for his contention. Those cases, however, were decided under a different statute than that which controls today. G.S. 1935, 60-1901 required occupying claimants to be paid *the full value of all lasting and valuable improvements*. That is not the requirement of the present statute. K.S.A. 60-1004 only requires compensation for improvements made in *good faith*.

Adkins contends that most of the intervenors' claimed expenses were either for cosmetic changes or routine maintenance and therefore not contemplated by K.S.A. 60-1004. Adkins further contends that the improvements made were inferior in quality.

Ray Phillips testified that, after purchasing the property at the sheriff's sale, he began to clean up and repair the property. Phillips further testified before the court that the new windows and new brickwork were needed but were ordered to match the intervenors' business building located across the street from the property.

Although Adkins contends the mowing and cleanup expenses claimed by the intervenors were for routine maintenance, the record suggests otherwise. The intervenors hauled away six loads of trash and removed dead trees that were not only unsightly but which also created a dangerous condition.

The district court, after hearing the testimony and admitting the intervenors' receipts for roof repair, tree removal, door and window installation, and new brickwork, granted the intervenors a judgment for $6,649.91. Under K.S.A. 60-1004, the costs of improvements made in good faith may be recovered by an occupying claimant. We find there is sufficient evidence in the

record to support the district court's judgment for reimbursement of $6,649.91 to the intervenors for good faith improvements.

Adkins further contends that he is entitled to rent from the intervenors, but he did not raise this issue in the district court. "A point not raised before or presented to the trial court cannot be raised for the first time on appeal." *Kansas Dept. of Revenue v. Coca Cola Co.*, 240 Kan. 548, 552, 731 P.2d 273 (1987).

The decision of the district court is affirmed.